# Dundee Mortgage & Trust Investment Co. *v.* Nixon.

*Action by Foreign Corporation, on Promissory Note.*

1. *Facts averred or shown by pleading of opposite party.*—Facts which are averred in the complaint need not be pleaded in defense, or, if set up in a plea, as a general rule, need not be proved by the plaintiff. So far as the rights of the plaintiff are concerned, the defendant may consider facts averred in the complaint to be true.

2. *Heading of note, as showing place of execution.*—When a promissory note, in its heading, is dated at "Uniontown, Alabama," the presumption is that it was executed there; and this presumption must prevail, in an action on the note, in the absence of evidence to the contrary.

3. *Issue on defective plea.*—When issue is joined upon a defective plea, and the evidence sustains it, the defendant has the right to have the court charge the jury upon such plea.

4. *Specification of grounds of demurrer; presumption in favor of judgment.*—When a demurrer to a plea is overruled, and the record does not show what grounds of demurrer, if any, were specified (Code, § 2690), this court will presume that none were specified, or that those specified were insufficient; and will not consider the sufficiency of the plea.

5. *Nonsuit with bill of exceptions.*—A statutory nonsuit with a bill of exceptions to a charge of the court to the jury is revisable in this court (Code, § 2759), but a nonsuit in consequence of rulings on the pleadings is not; and when the judgment-entry recites that the nonsuit was taken in consequence of both rulings, this court will consider only the correctness of the charge to the jury.

6. *Foreign corporations doing business here; constitutional and statutory restrictions.*—The constitutional and statutory restrictions imposed on foreign corporations doing business in Alabama do not apply to every act done by such corporations here, but do apply to a loan of money here by a foreign corporation engaged in the business of lending money on mortgage, and prevent a recovery by the corporation on a note given for the money borrowed, when a failure to comply with those provisions is shown.

APPEAL from the Circuit Court of Marengo.

Tried before the Hon. WM. E. CLARKE.

This action was brought by the appellant, described in the summons and complaint as "a corporation under the laws of Great Britain," against Wm. G. Nixon, J. W. Bush and W. M. Bush; and was commenced on the 24th April, 1888. The action was founded on the defendants' writing obligatory, or promissory note under seal, for $1,700, which was dated "Uniontown, Ala., May 28th, 1887," and payable November 1st, 1887, "to the order of Francis, Smith, Cald-

[Dundee Mortgage & Trust Investment Co. v. Nixon.]

well & Co., for the use of Dundee Mortgage & Trust Invest-
ment Company, Limited," and it contained a waiver of ex-
emptions. The defendants filed seven pleas, "in short by
consent," namely: (1) *nil debet ;* (2) payment; (3) usury; (4)
want of consideration, because, as stated, the note was given
for a past-due debt of said Nixon without any new consid-
eration; (5) that the note was executed in Alabama, that the
plaintiff was at that time a foreign corporation, and was not
legally authorized to transact business in Alabama, not hav-
ing complied with constitutional and statutory provisions;
(6) that when the writing sued on was executed, plaintiff was
a foreign corporation, and had not filed in the proper office
an instrument of writing designating an authorized agent
and a known place of business in this State ; (7) that plain-
tiff was a foreign corporation at the time the writing sued
on was executed, and had no known place of business in Ala-
bama, and no authorized agent here, and that the note sued
on was executed in Alabama.

Demurrers seem to have been filed to each of these pleas,
but the record only shows the grounds of demurrer assigned
to the 4th plea. The defendants afterwards asked leave to
withdraw their pleas, and filed a demurrer to the complaint;
which demurrer being overruled, defendants refiled their
former pleas, and the plaintiff demurred to them. The
court sustained the demurrer to the fourth plea, and over-
ruled it as to the others; and issue was then joined on all
of them.

On the trial, the plaintiff offered in evidence the note, or
bond, on which the action was founded, and it was admitted
without objection; and the defendants then proved that, "at
and up to the date of said note," plaintiff had not complied
with the statutory provisions regulating the right of foreign
corporations to do business in this State. This being "all
the evidence in the case," the court charged the jury, on
request, to find for the defendants if they believed the evi-
dence. The plaintiff excepted to this charge, and, as the
bill of exceptions recites, thereupon "took a nonsuit, and
reserved the point for the determination of the Supreme
Court;" but the judgment-entry recites that the plaintiff
excepted "to the overruling of the demurrer to the pleas,
and also to the charge of the court, and, by consent of the
court, takes a nonsuit with a bill of exceptions."

The errors assigned are, the overruling of the demurrers
to the pleas, and the charge of the court to the jury. The
appellees submitted a motion to strike out the first assign-
ment.

[Dundee Mortgage & Trust Investment Co. v. Nixon.]

GEO. B. JOHNSTON, for appellant.—(1.) Only one plea was sustained by the evidence, and it presented an immaterial issue. (2.) The 5th, 6th and 7th pleas were each insufficient, because they did not aver that plaintiff was a foreign corporation, and that the note sued on was taken by it in the conduct of some of its business, without a compliance with statutory provisions. (3.) The note itself made out a *prima facie* case for plaintiff, and imposed on defendants the *onus* of proving that it was taken in violation of law in the transaction by plaintiff of its business in this State; but no such proof was offered. The note is not payable to plaintiff, but to third persons for its use; and there is no proof as to its consideration, or the circumstances under which it was executed. It may have been given in payment of an antecedent debt. In the absence of proof that the note was taken by plaintiff in the transaction of its business in this State, defendants were not entitled to the general charge on the evidence.—*Beard v. Publishing Co*, 71 Ala. 60; *Farrior v. N. E. Mortgage Co.*, 88 Ala. 275; *Peeples v. Texas*, 23 N. Y. 242; 8 Abb. Pr. (N. Y.) 427; 18 A. & E. Corp. Cases, 178; 29 Fed. Rep. 17, 38; *Christian v. Amer. Freehold Mort. Co.*, 89 Ala. 198.

WATTS & SON, and JOHN C. ANDERSON, *contra*.—(1.) The rulings on demurrer are not revisable, and the assignments of error founded on them should be stricken out.— *Vincent v. Rogers*, 30 Ala. 471; *Durden v. James*, 48 Ala. 33; *Wyatt v. Evins*, 52 Ala. 285; *Perry v. Danner & Co.*, 74 Ala. 485. (2.) If the evidence sustained any one of the pleas, though defective, the defendant was entitled to a charge on its effect.—*Masterson v. Gibson*, 56 Ala. 56; *Mudge v. Treat*, 57 Ala. 1; *Ex parte Pearce*, 80 Ala. 195; 89 Ala 625. (3.) The note showed on its face that it was made in Alabama, and it was proved that plaintiff had not complied with the statutory provisions giving it the right to do business here. *Tindal v. Maxwell*, 58 Ala. 40; *Collier & Pinckard v. Dudley*, 87 Ala. 431; *Mullens v. Amer. Freehold Mortgage Company*, 88 Ala. 280.

COLEMAN, J.—Facts which are averred in a complaint need not be pleaded in defense, or, if set up in a plea, as a general rule, need not be proved by the plaintiff. So far as the rights of the plaintiff are concerned, the defendant has the right to consider facts averred in the complaint to be true.

The complaint in this case sufficiently shows that plaintiff
Vol. 95.

[Dundee Mortgage & Trust Investment Co. v. Nixon.]

is a foreign corporation. The plaintiff offered in evidence a promissory note, headed and dated Uniontown, Ala. *Prima facie*, Alabama was the place of its execution, and no other evidence being offered on this question, the law presumes the contract was made in Uniontown, Ala.—*Farrior v. Security Co.*, 88 Ala. 27; *Amer. Freehold Land Mortgage Co. v. Sewell*, 92 Ala. 163. It was proven without dispute that plaintiff had not complied with the Constitution of the State, and the statutory provision which requires that foreign corporations shall have a known place of business and an authorized agent before doing business in this State.

It has been frequently decided that, however immaterial, defective, or demurrable a plea may be, if issue be joined upon the plea, and the evidence sustains it, the defendant has the right to have the court to charge the jury upon such plea.

The record shows that plaintiff filed several demurrers to the pleas of the defendant. After this was done, the defendant, by leave of the court, withdrew his pleas, and demurred to the complaint. The court overruled the demurrer to the complaint, and by leave of the court the defendant re-filed his former pleas. The record does not inform us that plaintiff re-filed his former demurrer to the pleas of defendant. After the defendant's pleas were re-filed, as shown in the judgment of the court, the only entry is, that "plaintiff by its attorney demurs to said pleas." The demurrer, or assignments for cause of demurrer, upon which the court ruled, being no where stated in the record, we must presume in favor of the correct ruling of the court that the demurrer was general, or insufficient, even though the plea might have been held defective as against a demurrer properly framed.—*Masterson v. Gibson*, 56 Ala. 56. We must consider the pleadings as if issue had been joined upon all the pleas except the 4th, without the interposition of a sufficient demurrer. The 7th plea of defendant, not to mention others, was fully sustained by evidence which was not contradicted.

The bill of exceptions states that, in consequence of the charge given by the court to the jury, the plaintiff "took a nonsuit, and reserved the point for the determination of the Supreme Court by bill of exceptions." The record of the judgment shows that "plaintiff, in open court, excepts to the ruling of the court overruling its demurrer to the pleas Nos. 1, 2, 3, 5, 6 and 7, and also excepts to the charge of the court to the jury, and by consent of the court takes a nonsuit with a bill of exceptions."

[U. S. Rolling Stock Co. v. Clark & Co.]

A nonsuit taken in consequence of adverse rulings on the pleadings, is voluntary, and does not fall within the statute, which authorizes a plaintiff suffering a nonsuit to reserve by bill of exceptions rulings of the court for review on appeal to this court.—3 Brick. Dig. 678, § 5, and authorities cited.

A nonsuit was taken in consequence of the charge given by the court to the jury. The correctness of the charge is properly before us for review. In view of the pleadings and the evidence, there was no error in the charge given.

It is not every act done by a foreign corporation in this State, to which the Constitution and statute apply, which require that it shall have a known place of business and an authorized agent.—*Brown Hamilton Shoe Co. v. Ware,* 92 Ala. 145; 9 So. Rep. 137. The statute does apply to the loaning of money.—*Nelms v. Edinburgh Amer. L. Co.,* 9 So. Rep. 141; 92 Ala. 157.

The application of the foregoing principles leads to an affirmance of the case.