ANGLO & LONDON-PARIS NATIONAL BANK, Appellant, *v.* S. A. JACOBSON CO., INC., Respondent.

First Department, April 1, 1921.

Bills and notes — effect of acceptance of bill of exchange — counterclaim against drawer cannot be interposed in action by payee against drawee — counterclaim admitted by failure to reply or demur — plaintiff's motion for judgment on pleadings premature.

The defendant by accepting a bill of exchange to the order of the plaintiff, payable ten days from date, became primarily liable to the plaintiff thereon, for in effect the transaction was the making of a promissory note for the amount in question payable to the order of the plaintiff.

In an action on a bill of exchange drawn by the seller of goods payable to the order of the plaintiff and accepted by the buyer, the defendant, to cover the payment for goods to be thereafter delivered to the defendant, a counterclaim, based on the failure of the seller to deliver the goods, cannot be interposed, because it did not exist against the plaintiff and

did not arise out of the same contract or transaction set forth in the complaint.

The counterclaim, to which no reply or demurrer was interposed, stands admitted as valid under section 514 of the Code of Civil Procedure, and, therefore, plaintiff's motion for judgment on the pleadings was premature and properly denied.

APPEAL by the plaintiff, Anglo & London-Paris National Bank, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 10th day of December, 1920, denying plaintiff's motion for judgment on the pleadings.

*Daniel E. Hanlon,* for the appellant.

*Vernon C. Ryder,* for the respondent.

DOWLING, J.:

This action is brought to recover upon a bill of exchange drawn on March 2, 1920, by Christensen, Hanify & Weatherwax on defendant, directing it to pay to the order of plaintiff the sum of $4,442.66 ten days after the arrival of 270 bales of reeds. On April 10, 1920, defendant duly accepted said bill for payment ten days from said date. At maturity the bill was duly presented for payment and payment was demanded, which was refused, whereupon the bill was protested. No part of the bill has been paid. The answer does not controvert any material allegation of the complaint, and paragraph " third " thereof specifically admits the acceptance of the bill of exchange described in the complaint, its presentation and dishonor and that no part has been paid. There is a denial that anything is now due thereon, but that is simply a conclusion based on unpleaded facts and there is no defense of payment. For a counterclaim and by way of set off the defendant further alleges that the firm of Christensen, Hanify & Weatherwax in December, 1919, entered into an agreement in writing with defendant for the sale to defendant of 40 bales of flat reeds and 280 bales of round reeds, delivery to be made in the month of May, 1920, the goods to be packed 133⅓ pounds net per bale and to be according to samples previously delivered, at prices fixed by a schedule, according to size. It is alleged that these reeds were not purchasable in the open market; that they were required to

fill orders then on hand and to be thereafter taken by defendant; that sellers have refused to perform the contract or any part thereof, though demand therefor has repeatedly been made; and that defendant has been damaged in the sum of $25,000. It is further set forth that at all times defendant was ready to perform its contract, but the sellers still refuse so to do. The answer then continues:

" *Tenth.* Upon information and belief, the said plaintiff neither gave any consideration nor parted with any value for said bill of exchange and that the said plaintiff was at the time of the drawing of said draft sued upon, and at the time of taking the same fully advised of the foregoing facts and circumstances, and that upon information and belief, the said plaintiff is not a holder thereof in due course for value in good faith; that on the contrary, upon information and belief, the lawful owners of the said draft are the said co-partners and that the said co-partners are the real parties in interest therein.

" Wherefore, this defendant demands judgment dismissing the complaint herein, with costs."

The defendant does not attack the sufficiency of the complaint herein, which sets forth all the necessary facts to make up a cause of action. Section 112 of the Negotiable Instruments Law provides that " The acceptor by accepting the instrument engages that he will pay it according to the tenor of his acceptance; and admits:

" 1. The existence of the drawer, the genuineness of his signature, and his capacity and authority to draw the instrument; and

" 2. The existence of the payee and his then capacity to indorse."

In *United States Rail Co.* v. *Wiener* (169 App. Div. 561) this court said: " Thus upon acceptance a bill of exchange becomes in effect a promissory note, the acceptor standing in the place of the maker, and becoming primarily liable, and the maker standing in the place of a first indorser." As to the defendant, therefore, the effect of the transaction is that on April 10, 1920, it made a promissory note for the amount in question payable to the order of plaintiff ten days after date. It was primarily liable to plaintiff and the drawer was liable as a first indorser.

The counterclaim sought to be set up would in no event be available against plaintiff, because it did not exist against plaintiff, but against the drawer of the bill of exchange; and because it did not arise out of the same contract or transaction set forth in the complaint, but out of a separate and distinct contract which could not be the subject of a breach until May, 1920, when delivery is alleged to have been due. (Code Civ. Proc. § 501.) But defendant claims that as plaintiff failed to reply or demur to the counterclaim, it must be held to be valid under section 514 of the Code of Civil Procedure, and, therefore, the motion for judgment could not be granted. Furthermore, that since plaintiff had failed to reply or demur to the counterclaim, the motion for judgment was prematurely made. (*Childs* v. *Childs*, 144 App. Div. 167.) I am of the opinion that both these objections are good. The counterclaim recognized by the Code is one which tends in some way to diminish or defeat the plaintiff's recovery. It need not necessarily exceed in amount the plaintiff's claim. The test was thus laid down in *Walker* v. *American Central Insurance Company* (143 N. Y. 167): " What is pleaded in the defendant's answer as a counterclaim, and asserted to have become conclusive because no reply was served, is, in our judgment, simply and only a defense. Facts pleaded which controvert the plaintiff's claim and serve merely to defeat it as a cause of action are inconsistent with the legal idea of a counterclaim, which is a separate and distinct cause of action, balancing in whole or in part that proved by the plaintiff (*Prouty* v. *Eaton*, 41 Barb. 409). It meets the latter, not only by a denial of it, or an attack upon its existence, but by opposing to it an equal or over-balancing demand on the part of the defendant. In this case what is averred to be an equitable counterclaim is in its legal effect an allegation that plaintiff's cause of action never in fact existed; that the seeming evidence of it was a product of a mistake and not the true record of the contract; and that the risk of a second insurance for one thousand dollars for which the action was brought was never in fact taken or assumed by the defendant company. In brief, the answer denied the making of the contract alleged, or any liability upon it."

This being in reality a counterclaim, within the meaning

of the Code, then section 514 requires that plaintiff must either demur or reply thereto. Not having done either, the counterclaim stands admitted, even though defendant has taken no steps under section 515, and plaintiff is in no position to obtain judgment on the present state .of the pleadings. .

The order appealed from is affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., LAUGHLIN, SMITH and GREENBAUM, JJ., concur.

Order affirmed, with ten dollars costs and .disbursements.