(93 South. 448)

**BREWER v. VARNER et al. (3 Div. 550.)**

(Supreme Court of Alabama. Feb. 11, 1922. Rehearing Denied May 11, 1922.)

**1. Death ☞33.—Instruction on liability of persons present at killing held proper.**

In an action for the death of plaintiff's intestate, shot by one of the defendants in the presence of the other defendants, who introduced evidence showing they had entered into no conspiracy with the one who fired the shot and did not aid or abet in the killing, instruction that the "mere presence of any of defendants at the time and place of said killing is not sufficient to make him responsible for said act, nor liable to the plaintiff," *held* proper.

**2. Death ☞104(1)—Instruction on self-defense held not reversible error.**

Where there was evidence that plaintiff's intestate brought on the difficulty by making a felonious and unlawful assault, and that there was no reasonable avenue of escape open to any of the defendants, the giving of a charge that plaintiff could not recover if the intestate "was about to unlawfully and feloniously shoot one or more of the defendants with a pistol," and one of the defendants shot the intestate in order to prevent him from shooting defendants, *held* not reversible error, though it did not hypothesize the different elements of self-defense, or state that defendants must have been entirely free from fault, since such elements must have been understood by the jury as being embraced within the language of the charge, especially in view of other charges given.

**3. Trial ☞133(2)—Remarks of counsel to jury as to detention of jurors held not ground for new trial, in view of charge.**

Statement of counsel in argument that he approached his argument at a time when the jury were tired out, after having been kept at the courthouse in the custody of officers for two days and nights, *held* not ground for new trial, in view of instruction that the court, and

not the parties, was responsible for the detention of the jury.

**4. Trial ⬅133(2)—Statement of counsel in argument to jury as to venue held not ground for new trial.**

In action for death of plaintiff's intestate, shot by one of the defendants, statement of counsel for defendants in argument that, in the absence of certain evidence characterized by counsel as unworthy of belief, the defendant who did the shooting would have to be tried in a certain county, *held* not ground for new trial, in view of instruction that the question of jurisdiction was one to be decided by the court, and that the jury should not be influenced in their decision on the facts by any ruling the court might make upon the law.

Sayre, J., dissenting.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Action by Maude W. Brewer against A. D. Rich, Charles Varner, and Joe Baltzer for wrongful killing of Willis Brewer. From a judgment for defendants, plaintiff appeals. Affirmed.

The following charges, given for defendants, and referred to in the opinion, read:

"(11) The court charges the jury that the mere presence of any of the defendants at the time and place of said killing is not sufficient to make him responsible for said act nor liable to the plaintiff."

"(15) If the jury are reasonably satisfied from the evidence that said Brewer was about to unlawfully and feloniously shoot one or more of the defendants with a pistol, and the defendant Varner shot him in order to prevent him from doing so, they must find a verdict for the defendants."

The oral charge of the court was in part as follows:

"Now, the defendants in this case say that the killing was justifiable because it was done in self-defense; that is, it was done to prevent Brewer from unlawfully killing the defendants, or one of them. Before a person can successfully establish a plea of self-defense, and in order for him to invoke this plea, he must be entirely free from fault in bringing on the difficulty; he must be entirely free from fault or wrongdoing on his part which had the effect to provoke or bring on the difficulty which resulted in the homicide. For a man to be justified in killing a human being, he must be mindful of his words and acts on the occasion of the killing, and if by his words, acts, or conduct he shows a willingness to enter the conflict, or if by words or acts he brings it on, he must be held to have produced the necessity for killing his adversary, and he cannot invoke the doctrine of self-defense. The law does not permit a person to bring about a conflict with another person wrongfully and unlawfully, and thus produce a necessity for killing that person, and then plead justification. The slayer can never urge in justification a necessity caus-

ed or created by his own wrongful or unlawful act. Self-defense can only be pleaded where the person committing the homicide is entirely free from fault in bringing about the difficulty. It is not only essential that the person be entirely free from fault in bringing on the difficulty, but it is also requisite that there must also be a present and impending peril to life, or danger of great bodily harm, either real or apparent, such as to create a reasonable belief in the bona fide necessity for the taking of life, and there must also be no convenient or reasonable mode of escape by retreating or declining the combat. Now, if the defendants did not seek or bring on the difficulty with Brewer, it was still their duty to retreat and avoid the alleged killing of Brewer, if they could reasonably do so without peril' to their lives or danger of great bodily harm to themselves; and, of course, where one person sets up in justification the defense of a third person, such third person must have been in a position to himself plead self-defense, as I have defined it to you, in case this third person had himself done the killing. Now, if the jury in this case are reasonably satisfied that the defendants sought the encounter with Willis Brewer, then you will consider none of the testimony relating to self-defense in this case, as the death of Brewer was thus wrongful. Now, in this case, if the defendants have shown to your reasonable satisfaction that they were in imminent peril from the conduct of Brewer either actually or reasonably, and that there was no reasonable or convenient mode of escape by retreating or declining the combat, then the burden of proof would be on the plaintiff to show that the defendants were at fault in provoking the difficulty, for, where the defendant has shown the two elements of self-defense mentioned, actual reasonably apparent or imminent peril, and no reasonable mode of escape, then the burden does not rest upon him to show that he was entirely free from fault in bringing on the difficulty."

Among the charges given for the plaintiff were the following:

"(4) That if the defendants or defendant, knowing that Willis Brewer was traveling westward along the Hayneville and Montgomery road in a cart past Varner's store, went in an automobile northward upon the Manack road a short distance, and stopped where they could see him approach said store, and, seeing him, backed their auto in front of him for the purpose of an encounter, and killed him in his car, while he was traveling along the road, the killing would be wrongful, no matter what else occurred at the time of the killing, as the defendants would be to blame and could not plead self-defense.

"(5) That if the defendants or defendant, knowing that Willis Brewer was traveling along the Hayneville road, going westward in front of Varner's store, went westward from said store a short distance, and turned and went eastward to meet him and have an encounter, and, meeting him in front of Varner's store, killed him with a deadly weapon, the killing would be wrongful, no matter what other thing

happened before or at the time of the killing, as the defendants could not plead self-defense."

"(E) That if the defendants sought a conflict with Brewer, and for that purpose went up the Manack road to intercept him, by backing their car in front of him as he went west along the Hayneville road, or for the same purpose went down the Hayneville road, and turned towards Montgomery to meet him, and on meeting him killed him, they cannot plead or urge self-defense as an excuse, no matter what may have previously occurred between them and Brewer."

"(G) That the jury must determine from all the facts of the case whether or not defendants sought the difficulty resulting in Brewer's death, and, if they find that they did seek it, the defendants could have no excuse for the killing."

"(F) That if defendants sought the difficulty, whether by taking the Manack road and lying in wait, or by going down the Hayneville road and turning back to meet the defendant, and killed Brewer, the jury should find for plaintiff."

During the trial counsel for defendants prefaced his remarks to the jury by a statement to the effect that he approached his argument at a time when the jury were tired out, after having been kept at the courthouse in the custody of officers for two days and nights. Further in argument, counsel for defendants made statement to the effect that the jury were the sole judges upon the credibility of evidence on the question of venue, and, characterizing such evidence as unworthy of belief, stated that in its absence the defendant Varner would under the law have to be tried in Lowndes county. Without interrupting the argument, counsel for plaintiff went up to the bench and made objections to the respective statements in argument.

The trial court, in its oral charge to the jury, instructed that the court itself, and not the parties to the case, was responsible for the detention of the jury, and further instructed that the question of jurisdiction was one to be decided by the judge of the court, and that the jury should not be influenced in their decision on the facts by any ruling the court might make upon the law.

W. A. Gunter, of Montgomery, for appellant.

Charge 11, given for defendants, was erroneous. 3 Brick. Dig. 107; 68 Ala. 424; 69 Ala. 249; 58 Ala. 406, 29 Am. Rep. 757; 47 Ala. 564; 59 Ala. 92; 69 Ala. 242, 44 Am. Rep. 515; 55 Ala. 210. Charge 15, given for defendants, was error to reverse. 103 Ala. 12, 15 South. 824; 111 Ala. 11, 20 South. 528; 110 Ala. 24, 20 South. 119; 89 Ala. 121, 8 South. 98, 18 Am. St. Rep. 96; 161 Ala. 259, 49 South. 895, 23 L. R. A. (N. S.) 996, 18 Ann. Cas. 636; 94 Ala. 90, 10 South. 500; 113 Ala. 42, 21 South. 211, 59 Am. St. Rep. 92; 88 Ala. 11, 6 South.

755; 88 Wash. 429, 153 Pac. 355, L. R. A. 1918A, 359. The argument of counsel for defendant, appealing for a verdict for Varner because he was sued out of his county, was prejudicial to plaintiff, and the motion for new trial on this ground should have been granted. 26 Okl. 665, 110 Pac. 884, L. R. A. 1918D, 1–115; 64 N. H. 27, 5 Atl. 838, 10 Am. St. Rep. 367; 39 Atl. 777.

Ball & Beckwith and C. P. McIntyre, all of Montgomery, for appellees.

Charge 11, given for defendants, was a correct proposition of law. 153 Ala. 13, 45 South. 246; 153 Ala. 586, 44 South. 1023, 127 Am. St. Rep. 71; 143 Ala. 411, 39 South. 136. Charge 15, given for defendants, correctly states the law applicable to this subject. 21 Cyc. 791; 151 Ala. 355, 43 South. 867; 140 Ala. 84, 37 South. 105; 128 Ala. 589, 29 South. 596. Even if abstract, charges 11 and 15, were not error, when considered in connection with the oral charge of the court.

GARDNER, J. Appellant sued appellees for damages for wrongfully causing the death of her intestate by wrongfully shooting him with a gun. There was verdict and judgment for the defendants, from which plaintiff prosecuted this appeal. The cause has previously been before this court (Rich v. Brewer, 205 Ala. 343, 87 South. 323), but the holding upon former appeal is without material bearing upon the questions now presented.

[1] The first two assignments of error presented for consideration in the argument of counsel for appellant relate to the action of the court in giving, at the request of defendants, charges 11 and 15, which will be set out in the report of the case. As we construe and understand these charges, they each state correct abstract propositions of law. It is without dispute that defendant Varner fired the fatal shot, and that defendants Rich and Baltzer were present with him at the time. There was evidence further tending to show that these two latter named defendants had entered into a conspiracy with Varner to accomplish the death of the deceased. On the other hand, there was evidence for the defendants tending to show that they entered into no conspiracy whatever, did not aid or abet by word or act or otherwise the taking of the life of the deceased, but that it merely happened that they were present at the time.

In the light of this evidence these defendants requested charge 11, to the effect that their mere presence at this particular time was not sufficient to make them responsible for the act. As we construe the charge, in the light of the testimony in the case and from the viewpoint of this defense, it means that the fact of their presence at the time of the killing, standing alone and unaided by

any proof tending to show that they aided or abetted by word or act or otherwise in the unlawful act, or had entered into any conspiracy with reference thereto, did not suffice to fix liability upon them. We do not think the charge is subject to the infirmities insisted upon by counsel for the appellant; but, if it has any vice, it is the fact that it might have been misleading. When considered, however, in connection with the oral charge of the court, it appears quite clear that the jury were not misled thereby—certainly not to the prejudice of this appellant.

[2] Nor do we consider the giving of charge 15 reversible error. There was evidence for the defendants tending to show that the deceased, Brewer, brought on the difficulty, and was in the act of making felonious and unlawful assault upon some one of those occupying the automobile when he was shot by Varner, and that there was no reasonable avenue of escape open to any of the defendants. True, the charge does not hypothesize the different elements of self-defense, nor state in so many words that the defendants must have been entirely free from fault, and we think it may well have been refused; but these elements must have been understood by the jury as being embraced within the language of the charge, where it says "that said Brewer was about to unlawfully and feloniously shoot one or more of the defendants." If, as hypothesized in the charge, the act of Brewer was unlawful and felonious, then clearly Brewer would not be acting in self-defense.

For like reason, the charge is not subject to the construction that, under the facts hypothesized, the jury should find for the defendants, notwithstanding defendants deliberately and maliciously brought on the difficulty. The charge was merely intended to instruct the jury upon that phase of the case upon which defendants rested for defense, and in support of which they had offered proof. As an abstract proposition of law it is correct, although it may have had a tendency to mislead, and the court may have been justified in the refusal. The giving of this charge, however, will not constitute reversible error (Heningburg v. State, 153 Ala. 13, 45 South. 246; Cent. of Ga. v. Hyatt, 151 Ala. 355, 43 South. 867), for we are well satisfied it did not mislead or confuse the jury, especially in view of the oral charge of the court, and charges given for plaintiff which appear in the report of the case, together with that portion of the oral charge here pertinent. The given charges, above referred to, which will appear by way of illustration, are charges 4 and 5, and E, G, and F.

[3, 4] The remaining assignment of error relates to the action of the court in overruling the motion for a new trial upon the ground of alleged improper and illegal argument of opposing counsel upon the trial of the cause. Counsel for appellees insist that this question cannot be reviewed by reason of the manner of its presentation, as disclosed by the record. We pass that question by without decision, as unnecessary to be determined. The argument of counsel has been duly considered by the court in connection with the very explicit instructions correcting the same, given by the trial court to the jury at plaintiff's request. Conceding, without deciding, that the question is presented, and that the argument was improper, yet we are fully persuaded that it was not of such a character as was ineradicable and harmful to such extent as could not be remedied by due and timely admonitions from the trial judge. We are of the opinion that due correction was made, which was sufficient to remove any harmful effect, and that in no event was prejudicial error shown.

Finding no reversible error, the judgment appealed from will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN, SOMERVILLE, and MILLER, JJ., concur.

SAYRE, J., dissents.

THOMAS, J., not sitting.