LEON DUBLER, Plaintiff, *v.* TOSCANA STRAW GOODS CORPORATION, Defendant.

City Court of New York, New York County, January, 1932.

*Arthur Taft*, for the plaintiff.

*Jaffe & Jaffe*, for the defendant.

WENDEL, J. Motion for reargument. While ordinarily the court would not entertain an application for rehearing at this late day, special circumstances, as disclosed by the record of the proceedings heretofore taken in this action, exist for a departure from the usual procedure.

The action is to recover on five trade acceptances dated February 28, 1928, executed by plaintiffs to the order of themselves and accepted by defendant, payable, respectively, on July, August, September, October and November 12, 1928. The answer sets up as a separate defense that the trade acceptances were made payable at the Amalgamated Bank of New York, and that by reason thereof they became in legal effect and operation of law the checks of defendant with the defendant as maker and the bank as drawee and the plaintiffs as payees (paragraph 17); that the trade acceptances were not presented for payment on the due date and that no notice of presentment or non-payment was given to the defendant (paragraph 18); that by reason of said non-presentment of said trade acceptances and the failure of the plaintiffs to give notice of such presentment and non-payment, this defendant was legally discharged from all liability thereunder (paragraph 18). This defense is attacked as insufficient. Eliminating therefrom the legal con-

clusions contained in paragraphs 17 and 18, the question for determination is whether or not the failure of plaintiffs to present the trade acceptances for payment and to give notice of such presentment and non-payment to defendant is a good defense.

A trade acceptance is a draft or bill of exchange drawn by the seller on the purchaser of goods sold and accepted by such purchaser. (*Atterbury* v. *Bank of Washington Heights*, 241 N. Y. 271.) Upon acceptance by the drawee it becomes in effect a promissory note, the acceptor standing in the place of the maker and becoming primarily liable. (*Anglo & Paris Nat. Bank* v. *Jacobson*, 187 N. Y. Supp. 508.) Being primarily liable, notice of presentment of the instrument and demand for payment are not necessary. (Neg. Inst. Law, § 130.)

Defendant not having pleaded ability and willingness to pay at the place of payment at maturity, it is unnecessary to now pass upon the effect of failure of presentment in such case. Defendant's contention that notice of the presentment is necessary is based upon section 147 of the Negotiable Instruments Law, which provides as follows: "Where the instrument is made payable at a bank it is equivalent to an order to the bank to pay the same for the account of the principal debtor thereon." While, so far as the requirement of payment is concerned, the trade acceptance may be equivalent to a direction to the bank to pay it for the account of the debtor, it nevertheless does not convert the instrument from a bill of exchange or trade acceptance to a check to the extent of requiring presentment thereof to be made. The essential characteristic of a check is that it shall be instantly payable on demand, and also that it shall be drawn on a bank, and accordingly before action may be brought thereon by the payee against the maker there must be presentment to the bank for payment, and in the event of dishonor notice thereof must be given to the maker. (Neg. Inst. Law, § 160.) The acceptor of a trade acceptance is not entitled to notice any more than is the maker of a promissory note. It is only where a bill of exchange is drawn on a bank payable on demand that it is a check. (Neg. Inst. Law, § 321.)

The defense is stricken out. Order signed.