LOUIS BARTOSHESKY, Defendant Below, Plaintiff in Error, *v.* HOUSTON TRADING CORPORATION, a corporation existing under the laws of the State of New York, Plaintiff Below, Defendant in Error.

(*April* 19, 1938.)

WOLCOTT, Chancellor, RODNEY and SPEAKMAN, J. J., sitting.

*Marguerite Dugan Bodziak* for Defendant Below, Plaintiff in Error.

*Edmund S. Hellings* and *Ivan Culbertson* for Plaintiff Below, Defendant in Error.

Supreme Court, No. 2, October Term, 1936.

RODNEY, J., delivering the opinion of the Court:

At the very outset of this discussion we note that every objection of the Defendant Below, Plaintiff in Error, is founded upon the language of the trade acceptance, a copy of which is attached to the statement of claim. In *Shaw v. Newton,* 5 *Boyce* (28 *Del.*) 19, 90 *A.* 465, it was said that in a suit on a note the fact of filing a copy of the note with the declaration does not make the note or copy

a part of the declaration, but that its sole purpose under the statute, *Revised Code of* 1935, § 4649, was to dispense with the necessity of proof of execution unless the defendant, by affidavit, denied the signing. If, then, this was an ordinary suit on the trade acceptance in the Superior Court, it would seem, under the system of pleading in Delaware, that a demurrer could not be based upon the contents of the copy of the note filed pursuant to the statute. This suit, however, had its origin in the Court of Common Pleas and was removed by the Defendant into the Superior Court. The act creating the Court of Common Pleas for New Castle County, *Chapter* 169, *Section* 5807 *et seq., Code of* 1935, provides that actions therein shall be commenced by filing a statement of claim, and by *Section* 5815 it is provided that "Where the plaintiff's claim is based upon a written contract or other writing, a copy thereof shall be annexed to the statement of claim."

We shall, therefore, treat the note as a part of the statement of claim and consider, in their order, the assignments of error, which correspond to the grounds of demurrer.

■■ 1. The Defendant Below, by demurrer, objects that the trade acceptance is alleged by the statement of claim to have been payable at the Industrial Trust Co., Wilmington, Delaware, whereas by the copy of the trade acceptance it appears that it was payable at the Industrial Trust Co. without the words "Wilmington, Delaware."

In support of his contention the Plaintiff in Error has argued that there is a variance between the trade acceptance and the statement of claim, and has cited *State to Use of Reading's Adm'r v. Reading's Terre-Tenants,* 1 *Harr.* 23, at *page* 25, and *Randel v. Wright,* 1 *Harr.* 34, at *page* 41. We think that neither the principle of variance nor either of the cited cases has any application to the present matter. Variances, as applied to civil proceedings are of two kinds

(1) those which consist of discrepancies between the writ or process and the declaration or complaint, and (2) those which consist of discrepancies between the averments of the pleadings and the proof adduced in support of such pleadings. The cited cases have application to a variance between the averments of a declaration and a subsequent offer of evidence, but have no application to the present matter.

Without passing upon the form or grounds of the present demurrer, as properly raising the questions sought to be presented, but being desirous of complying with the desire that those questions be answered, we address ourselves to the assignments of error.

██ Waiving, for the moment, the third assignment of error (which suggests that the trade acceptance is not negotiable), and assuming its negotiability, we find the trade acceptance dated at New York and payable at "Industrial Trust Co.," without further statement of the location of said company. It is not necessary for us now to discuss those cases in which the place of the dating of a note has a material bearing upon the place of presentment, for in all such cases the place of dating was only material because of the presumption, in the absence of other showing by note, that the place of dating was the residence of the person by whom the obligation was to be paid. The present trade acceptance, we find, was addressed to "L. Bartoshesky, 603 E. 7th St., Wilmington, Delaware." The place of the date then is not material to the place of presentment, but we look to *Section* 73 of the *Uniform Negotiable Instrument Act*. This section, *Section* 3197, *Revised Code of* 1935, provides *inter alia:*

"Presentment for payment is made at the proper place:

"(1) Where a place of payment is specified in the instrument and it is there presented.

"(2) Where no place of payment is specified, but the address of the person to make payment is given in the instrument and it is there presented."

Presentment then was to be made in Wilmington, Delaware, and would properly have been made at 603 E. Seventh Street had not the acceptor stipulated that presentment should be made at "Industrial Trust Co." It will be presumed that presentment should have been made at the specified place in that city in which the acceptor lived, and the statement of claim properly alleged presentment and dishonor at Industrial Trust Co., Wilmington, Delaware. This was the direct holding in *Baily v. Birkhofer*, 123 *Iowa* 59, 98 *N. W.* 594.

Having concluded that the presentment made by the holder was a proper presentment, it is unnecessary to consider whether any presentment was at all necessary. In *Dubler v. Toscana Straw Goods Corporation*, 142 *Misc.* 369, 254 *N. Y. S.* 464, it was held that a trade acceptance is a draft or bill of exchange drawn by the seller, on the purchaser of goods sold, and accepted by such purchaser: that upon acceptance by the drawee it becomes in effect a promissory note, the acceptor standing in the place of the maker and becoming primarily liable: being primarily liable, notice of presentment of the instrument and demand for payment are not necessary.

2. The Plaintiff in Error objects that the trade acceptance was accepted in writing by "L. Bartoshesky" and that the defendant in the suit on the instrument was designated as "Louis Bartoshesky."

It is the law in Delaware that where a promise in writing is made by one using his initial, and a suit is brought on said obligation the promisor (defendant) should be designated by his full and proper name. By proper pleading the party using initials should then be shown to be the person sued. *Woolley on Delaware Practice*, § 130.

■ While the statement of claim might have been much more explicit in its identification of the defendant, yet we think that said identification sufficiently appears. The statement of claim sets out that Louis Bartoshesky, the defendant, lives in Wilmington, Delaware; that the trade acceptance sued on was directed to "the said L. Bartoshesky" and was. duly accepted by "the said L. Bartoshesky" and subsequently purchased by the plaintiff before maturity, and a copy of the trade acceptance was filed with the statement. We think the identification of the defendant sufficient.

■ 3. The Plaintiff in Error contends that the words "the obligation of the acceptor hereof arises from the purchase of goods from the drawer" appearing upon the face of the trade acceptance renders it non-negotiable. The effect of a reference to an extraneous agreement in an otherwise negotiable note was considered in *Continental Guaranty Corporation v. People's Bus Line, Inc.*, 1 *W. W. Harr.* (31 *Del.*) 595, 117 *A.* 275, 277. It was there held that the test was whether the reference subjected the note itself to the terms of the extraneous agreement, or whether the words had reference merely to the circumstances or origin of the transaction. The Court quoted with approval the language of 3 *R. C. L., p.* 918, § 112 (see 8 *Am. Jur.* 849, 850) :

"The negotiability of a note is not affected by a reference which is simply a recital of the consideration for which the paper was given, or a statement of the origin of the transaction."

We think this correctly states the law, and many of the cases are collected in 14 *A. L. R.* 1126, 33 *A. L. R.* 1173, 37 *A. L. R.* 655 and 61 *A. L. R.* 815.

■ A trade acceptance is a recognized term under the law of negotiable instruments. It has been defined as a draft or bill of exchange drawn by the seller, on the purchaser of goods sold, and accepted by said purchaser. In

*Levitt v. Johnstown Office Supply Co.,* 103 *Pa. Super.* 76, 157 *A.* 804, 806, it is said:

"Its purpose is to make the book account liquid and permit the seller to raise money on it before it is due under the terms of sale."

The language of the trade acceptance in the present case seems to conform to the language usual in such instruments, and is the precise language in the acceptance considered in *Pierce, Butler & Pierce Mfg. Corp. v. Daniel Russell Boiler Works,* 262 *Mass.* 242, 159 *N. E.* 625, and *McCormick & Co. v. Gem State Oil & Products Co.,* 38 *Idaho* 470, 222 *P.* 286, 34 *A. L. R.* 867.

 4. The Plaintiff in Error objects that the statement of claim calls the trade acceptance an "inland bill of exchange," whereas the copy shows it to have been dated in New York and made payable in Wilmington, Delaware.

It is true that the statement of claim does call the instrument an "inland bill of exchange" and that the copy shows it to have been dated in New York and payable in Wilmington. It is also true that *Section* 129 of the *Uniform Negotiable Instrument Act, Revised Code of* 1935, § 3253, says:

"An inland bill of exchange is a bill which is, or on its face purports to be, both drawn and payable within this State. Any other bill is a foreign bill."

To us it seems entirely immaterial whether the statement of claim had called the instrument an inland bill of exchange or a foreign bill of exchange, or had not applied either name to it. The statement was surplusage and harmless.

Seeing no error in the judgment below, the same is affirmed.