Dore, J.
The issue is the propriety of an order granting plaintiff summary judgment in a foreclosure action. Defendant-appellant’s counterclaim, read with its affidavits, as it must be on a motion of this kind, presents issues' of fact, and as plaintiff *234 served no reply to the counterclaim, plaintiff’s motion for summary judgment should have been denied on that ground alone. (Civ. Prac. Act, § 272; Anglo & London-Paris Nat. Bank v. Jacobson Co., Inc., 196 App. Div. 51, 55.)
But that is not all. Defendant’s affidavits with regard to plaintiff’s alleged inducement of defendant to contribute additional moneys for the operation and maintenance of the properties and a claimed compromise for a lump sum, were furnished by affiants claiming knowledge of the facts. Plaintiff’s affidavits are by other persons who, defendant alleges, had no personal dealings with defendant’s representatives in the negotiations. Such testimony on the trial would be inadmissible. No explanation is offered for the absence of any affidavit from plaintiff’s representative who is claimed to have personal knowledge. Defendant claims plaintiff did not act in good faith, and alleges facts on the basis of which equitable estoppel is claimed. (See Rothschild v. Title Guarantee & Trust Co., 204 N. Y. 458, 464.) Whether, defendant may be able factually to establish any defense at trial cannot now be determined; but the issues should not be disposed of without trial.
The order so far as appealed from should be reversed, with $20 costs and disbursements, and the motion for summary judgment denied.
Martin, P. J., and Cohn, J., concur; Townley and Glennon, JJ., dissent and vote to affirm.
Order so far as appealed from reversed, with $20 costs and disbursements to the appellant, and the motion for summary judgment denied. Settle order on notice.