112 So.2d 331

**GILLILAND & ECHOLS FARM SUPPLY & HATCHERY**

v.

**CREDIT EQUIPMENT CORPORATION.**

7 Div. 433.

Supreme Court of Alabama.

May 21, 1959.

W. M. Beck, Fort Payne, for appellant.

W. W. Watson and John C. Wear, Fort Payne, for appellee.

vantages to both the purchaser and the seller. Properly used, it represents current merchandise transactions only, and in this respect, it is different from an ordinary promissory note which may be given for a past due account, borrowed money or for any other consideration. The principal function of a trade acceptance is to take the place of selling goods on an open account. State Trading Corporation v. Jordan, 146 Pa.Super. 166, 22 A.2d 30.

The complaint contains two counts. Count one alleges that the plaintiff is a corporation, duly organized and existing pursuant to the laws of the State of New York, with power to do business and to sue and be sued in its corporate name and capacity. It claims of the defendant $376.67 alleged to be due on a trade acceptance drawn by Carbozite Protective Coatings, Inc. on May 8, 1952, in the sum of $376.67 upon the defendant and accepted by him, payable to Carbozite Protective Coatings, Inc. on August 10, 1952, which trade acceptance, before maturity, was endorsed to the plaintiff. Count one also avers that the trade acceptance was presented for payment on the due date and that it was not paid, wherefore, the plaintiff claims interest on the sum from that date. Count two is the same as count one except the due date is September 10, 1952.

MERRILL, Justice.

■ This is an appeal from a final judgment in favor of the plaintiff, in the Circuit Court of DeKalb County, in a suit on two trade acceptances. A trade acceptance is a draft or bill of exchange drawn by a seller on the purchaser of goods sold, and accepted by the purchaser. Its purpose is to make the book account liquid and permit the seller to raise money on it before it is due under the terms of sale. Legal Discount Corporation v. Martin Hardware Co., 199 Wash. 476, 91 P.2d 1010, 129 A.L.R. 420; Bartoshesky v. Houston Trading Corporation, 9 W.W.Harr. 310, 39 Del. 310, 198 A. 697. When properly drawn, it is negotiable paper and its use results in ad-

The case was submitted to the jury on both counts of the original complaint, on defendant's plea F and on plaintiff's replication number 1 to plea F. Plea F sets out that the trade acceptances were executed by the defendant and delivered to the Carbozite Protective Coatings, Inc., a foreign corporation, organized and existing under the laws of the State of Pennsylvania, and that they were delivered to this corporation within the State of Alabama in connection with an agreement entered into between the defendant and the corporation for the exclusive franchise of a product known as "Carbozite Coatings." Plea F further avers that this contract and the trade acceptances were executed in Fort Payne, Alabama, and that the defendant and the

corporation both signed the trade acceptances and that they were delivered at the defendant's place of business in Fort Payne. It is further alleged that all these dealings were within the corporate acts of Carbozite Protective Coatings, Inc. and that they have never qualified to do business within the State of Alabama. Hence, defendant avers that the plaintiff ought not to recover on the trade acceptances since the same are void under provisions of Tit. 10, § 191, Code 1940, which provides, inter alia, that all contracts or agreements made or entered into in Alabama by foreign corporations, which have not qualified to do business in Alabama, shall be held to be void at the suit of such foreign corporation, or any one claiming through or under such foreign corporation, by virtue of the void contract or agreement. Replication number 1 to plea F is a plea of the general issue. The evidence was undisputed that the Carbozite Protective Coatings, Inc. has never qualified to do business in the State of Alabama. The jury found the issues in favor of the plaintiff and assessed its damages at $1,024.54, whereupon, the court entered a judgment for the plaintiff in this amount, plus costs. It is from this judgment that the appeal is prosecuted.

■ Assignment of error number 1 states that the lower court erred in giving plaintiff's charge "X–3," which reads:

"Gentlemen of the Jury I charge you that the laws regarding the qualifying of foreign corporations to do business within the State of Alabama do not apply to corporations engaging in or transacting business of Interstate Commerce only within the State."

The defendant-appellant contends that the giving of this charge is error because the court below gave defendant's charge stating that the plaintiff could not recover under its replication number 2. Plaintiff's replication number 2, in answer to pleas E and F, states that the Carbozite Protective Coatings, Inc. was engaging in or transacting business of interstate commerce only within the State of Alabama at the time complained of. Appellant argues that since the court gave its requested charge charging out appellee's replication number 2, it was error to then give plaintiff's requested charge "X–3," supra, which was in substance the same as plaintiff's replication number 2. Appellant contends that this constituted reversible error for three reasons: (1) The court gave conflicting instructions, citing Terry v. Nelms, 256 Ala. 291, 54 So.2d 282; (2) the question of interstate commerce was not an issue and the instruction submitting it as a defense was erroneous, citing Gulfport Fertilizer Co. v. Jones, 15 Ala.App. 266, 73 So. 148; (3) an instruction not within the issues raised by the pleadings is erroneous, citing Central of Georgia Ry. Co. v. McNab, 150 Ala. 332, 43 So. 222, and other cases listed in 18A Ala. Digest, Trial, ⊛251(1). But, we have also held that trial courts will not be reversed for refusing abstract charges or charges not covered by the pleadings, although they assert the law correctly; and neither will they be reversed for giving such charges, unless it appears that injury was sustained. Central of Georgia Ry. Co. v. Hyatt, 151 Ala. 355, 43 So. 867.

■ Charge X–3 does state a correct principle of law and could perhaps be considered abstract under the pleadings, but the question becomes one of whether injury was sustained by appellant in the giving of the charge. We have held that a transaction involving no more than a sale, transportation and delivery of out-of-state goods by a nonresident to a local party on orders taken in Alabama would be an act of interstate commerce to which the laws of this state are not and could not be applicable. Loudonville Milling Co. v. Davis, 251 Ala. 459 [3], 37 So.2d 659, and cases therein cited. In the last cited case, we held that the selling of flour and other cereal products, delivered in 100 barrel lots, under a previously executed consignment contract to an Alabama distributor, constituted interstate commerce and was not the subject of

state regulation even though the foreign corporation employed a full-time agent in Alabama, stored the flour in an Alabama warehouse, and had the flour consigned to it and entrusted to its agent for delivery and proper receipt of the goods. See also, Watkins Co. v. Goggans, 242 Ala. 222, 5 So.2d 472.

■■■■ There was evidence from which the jury could have found the transaction between the Carbozite Protective Coatings, Inc. and the appellant to have been interstate commerce only. Both of the trade acceptances indicate prima facie that they were drawn in New York, since they were both headed "Carbozite Protective Coatings, Inc., 101 Cedar St., New York 6, N. Y." Dundee Mortgage & Trust Investment Co. v. Nixon, 95 Ala. 318, 10 So. 311. Both indicate prima facie that they were accepted by the drawee, appellant, at Fort Payne, Alabama. The franchise agreement executed between the Carbozite corporation and the defendant is also headed as are the two trade acceptances. It provides, inter alia, for the shipment of the goods F. O. B., Chicago, Illinois, to the appellant in Fort Payne. In the absence of evidence of further transactions of the Carbozite corporation within the state, we are constrained to say under the Loudonville Milling Co. and Watkins Co. cases, supra, that the selling of its products to the defendant, the execution of the franchise agreement and the acceptance of the two trade acceptances by the drawee-defendant constituted engaging only in interstate commerce within the state and thus is not the subject of state regulation or restriction. The mere fact that the trade acceptances were executed, or accepted in Alabama, does not alter this conclusion. The promissory notes in question in Loudonville Milling Co. v. Davis, supra, were also executed in Alabama. See Loudonville Milling Co. v. Davis, 248 Ala. 202, 27 So.2d 6, [first appeal].

As already noted, plaintiff's replication 1 to plea F was the general issue. This raised the question of whether appellee was doing business in Alabama without qualifying as required by law. If the jury believed that appellee's business was intrastate, then it should and would have found for appellant. The transaction had to be either in intrastate or interstate commerce. Part of the court's oral charge was:

"* * * If a foreign corporation fails to qualify as required by the State of Alabama then, Gentlemen of the Jury, any contract or business it may attempt to transact in the State of Alabama is considered a legal nullity by reason of the fact it has failed to qualify.

"In this particular case was this corporation, a foreign corporation, the Carbozite Protective Coatings, Inc., qualified under the laws of Alabama to do business in Alabama, and did it transact some business which was in line with the provisions for which that corporation was organized, and did it do the type of business which it was qualified to do in the State of Alabama, or was it not qualified to do business in the State of Alabama? If it did do business and failed to qualify itself with the Secretary of State as required by statute, then any act it may have done by way of doing business in the State would be a legal nullity and the plaintiff in this case would not be entitled to recover.

"This case is submitted to you on a question of fact. The testimony is short, but you have heard what each party has brought to you."

When charge X–3 is considered with the evidence and the entire oral charge of the court, "it appears quite clear that the jury were not misled thereby—certainly not to the prejudice of this appellant." Brewer v. Varner, 207 Ala. 466, 93 So. 448, 450. We, therefore, hold that appellant sustained no injury in the giving of the charge. Moreover, we think charge X–3 was within the scope of the plea of the general issue and was not outside the issues raised by the

pleadings and the court did not err in giving it, even though the court could more properly have submitted replication 2 to the jury also.

Assignment of error 2 charges that the court erred in charging the jury that it could not find for the defendant under defendant's plea E. Assignments 3 and 4 state that there was error in refusing the defendant's requested charges for the general affirmative charge and the general affirmative charge with hypothesis. All three assignments are argued together and since they are related or kindred, we consider them separately. Southern Electric Generating Company v. Lance, Ala., 110 So. 2d 627[1]; Southern Railway Co. v. Cates, 211 Ala. 282, 100 So. 356; Polytinsky v. Johnston, 211 Ala. 99, 99 So. 839. Defendant's plea E avers, inter alia, " * * * that the said Carbozite Protective Coatings, Inc., were at the time of execution of the contract and trade acceptances; soliciting business for said corporation in DeKalb County, Alabama, and were engaged in selling the produce known as Carbozite Coatings from defendants' place of business in Fort Payne, Alabama in connection with said contract of prospective purchasers in DeKalb County, Alabama, by and through the agents of said corporations, taking orders for said product and delivering same from defendants' place of business in Fort Payne, Alabama, to customers in DeKalb County, Alabama, * * *." There was no evidence introduced to sustain the above allegations of defendant's plea E. It, therefore, became the duty of the court to instruct the jury without hypothesis that it could not find for the defendant under that plea. Louisville & Nashville R. Co. v. Perkins, 152 Ala. 133, 44 So. 602; Tobler v. Pioneer Mining & Mfg. Co., 166 Ala. 482, 52 So. 86; Stowers v. Dwight Mfg. Co., 202 Ala. 252, 80 So. 90. It follows that there was no error in giving the affirmative charge without hypothesis as to defendant's plea E.

Assignments 3 and 4 are without merit. We concluded in our consideration of assignment of error 1 that a jury question was presented. Concerning the refusal of the trial court to give the general affirmative charge without hypothesis, it is stated in McElroy, The Law of Evidence in Alabama, § 449, "No party is entitled to a direction of a finding or verdict in his favor if the evidence is sufficient to warrant a finding or verdict in favor of the other party; nor is the movant for such a direction entitled thereto upon oral undisputed testimony which if believed entitled him to a verdict in his favor, as in such a case the credibility of the testimony must be submitted to the jury. [Citing cases]. * * * The general affirmative charge with hypothesis should be given only if all of the evidence considered most unfavorably against the party requesting such a charge shows undisputedly that the party is entitled to a verdict." See Morris v. Hall, 41 Ala. 510; Shipp v. Shelton, 193 Ala. 658, 69 So. 102; Owen v. State, 240 Ala. 582, 200 So. 412. Obviously, the defendant was not entitled to the general affirmative charge with hypothesis and the trial court properly refused to give it.

The remaining assignments of error argued in brief are concerned with the overruling of appellant's motion for a new trial on the ground that the verdict of the jury was contrary to the great weight of the evidence. We think the motion was properly overruled as to the ground stated. It follows that the judgment of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.

1. Ante, p. 25.