122 So.2d 115

STATE of Alabama

v.

Roy W. STONER et al.

3 Div. 874.

Supreme Court of Alabama.

June 30, 1960.

Robt. H. Jones, Special Asst. Atty. Gen., and J. B. Nix, Jr., Evergreen, for appellant.

Hugh M. Caffey, Jr., Brewton, for appellees.

LIVINGSTON, Chief Justice.

This litigation was instituted as a condemnation proceeding filed by the State of Alabama in the Probate Court of Conecuh County, Alabama, against Roy W. Stoner and Anna M. Stoner, in which proceeding the Probate Court of Conecuh County, Alabama, did condemn certain lands owned by Roy W. Stoner and Anna M. Stoner located in said county as a right-of-way for a

**4**

nonaccess public highway and interchange under Project No. I-202-1(4). The lands taken constituted 28.04 acres of a tract of land containing 126 acres.

From the judgment of the Probate Court awarding Roy W. Stoner and Anna M. Stoner the sum of $2,804 as damages and compensation, the State of Alabama properly and legally appealed to the Circuit Court of Conecuh County, Alabama. Title 13, Sec. 17, Code of Alabama 1940.

The case was submitted to the Circuit Court of Conecuh County, Alabama, on appeal, where it was tried de novo in said court before a jury. Prior to the trial of said cause, the parties thereto entered into an agreement in writing under the terms of which it was agreed that no questions as to the regularity of the former proceeding in the Probate Court were to be raised, but that the sole issue to be submitted to the jury was the amount of damages and compensation, if any, to which Roy W. Stoner and Anna M. Stoner were entitled as a result of the condemning of said lands as a right-of-way for a nonaccess public highway and interchange. Title 19, Sec. 14, Code 1940. The case was duly tried on the 17th day of February, 1959, before a jury, and a verdict found for the landowners and the damages assessed at $3000. Judgment was duly rendered in accordance with said verdict and an order and decree of condemnation entered by the Circuit Court of Conecuh County, Alabama, on the 28th day of July, 1959.

Motion for a new trial was duly made by the State of Alabama, which said motion was overruled by said circuit court on July 3, 1959.

■ We are dealing here with the question of compensation and damages where only a part of a tract of land is condemned for public highways under Title 19, Sec. 14, Code of 1940. The applicable rule in such cases is well established: The final inquiry as to the compensation to be awarded, if any, is the difference between the value of the entire tract immediately before the taking and the value of the part of the tract remaining after the taking, giving effect to any enhancement in value of the part remaining resulting from the construction of the road. Title 19, Sec. 14, Code of 1940. Morgan County v. Hill, 257 Ala. 658, 60 So.2d 838; Morgan County v. Griffith, 257 Ala. 401, 59 So.2d 804; Rountree Farm Co. v. Morgan County, 249 Ala. 472, 31 So.2d 346; Coffee County v. Spurlin, 245 Ala. 99, 16 So.2d 12; Bates v. Chilton County, 244 Ala. 297, 13 So.2d 186; Pickens County v. Jordan, 239 Ala. 589, 196 So. 121; Pryor v. Limestone County, 222 Ala. 621, 134 So. 17; McRea v. Marion County, 222 Ala. 511, 133 So. 278; Conecuh County v. Carter, 220 Ala. 668, 126 So. 132; Rudder v. Limestone County, 220 Ala. 485, 125 So. 670, 68 A.L.R. 776.

The learned trial court, in effect, charged the jury in accordance with Sec. 14 of Title 19, Code of 1940, and the above-cited cases. Indeed, both parties announced "satisfied" with the court's oral charge.

■ The sole question argued on appeal is the insufficiency of the evidence to support the verdict of the jury. We cannot agree with this insistence.

The three witnesses for the state estimated the damages at from $1,300 to $1,600, whereas the witnesses for the landowners placed the damages at approximately $6,000. The jury assessed the compensation and damages at $3,000.

Mr. W. A. Crutchfield, a witness for the landowners, estimated the compensation and damages at $6,050. No objection was made as to his competency as a witness, nor was any motion made to exclude his testimony because of the lack of competency.

The case was tried on a perfectly legal theory. The issue was one of fact with competent evidence to support the verdict of the jury, and the trial court who heard

the evidence and saw the witnesses refused to set it aside.

We see no point in belaboring the question.

Affirmed.

LAWSON, STAKELY, GOODWYN, MERRILL and COLEMAN, JJ., concur.