128 So.2d 734

**STATE of Alabama**

v.

**Carl F. JACKS.**

**7 Div. 516.**

Supreme Court of Alabama.

April 6, 1961.

- ——◆——

Roberts & Orme, Gadsden, for appellant.

Starnes & Holladay, Pell City, for appellee.

MERRILL, Justice.

Appeal from a judgment in favor of appellee, the landowner, in a suit for condemnation of 35.75 acres of a 195 acre tract of land for a right-of-way for an interstate limited access highway. The land was used principally as a livestock farm. The commissioners appointed by the probate court had awarded $3,000 as damages; the jury awarded $8,500.

It was stipulated by the parties at the trial that "the only question involved in this case is the amount of compensation due the land owner."

The only two argued assignments of error are concerned with the same alleged error. Assignment No. 9 charges error in the giving of one of the two written charges requested by appellee. The given charge reads: "I charge you gentlemen of the jury that you are authorized to take into consideration the fact, if it be a fact, that the value of lands has increased in value since 1950."

To show the background against which this charge was requested, we point out the non-existence of certain facts. There was (1) no evidence of any event, happening or circumstance taking place in 1950, and that year is not mentioned in any testimony; (2) there was no evidence of any comparable sales in the record; (3) there was no evidence of what the appellee paid for the land when he purchased it in 1952; and (4) whether lands in general or the land in question had increased in value since some former time was not an issue in the case.

■ The well-established rule of compensation in a condemnation proceeding in this state where only a part of a tract is taken is that the owner is entitled to the difference between the value of the entire tract immediately before the taking and the value of the part remaining after the taking, giving effect to any enhancement in value to the part remaining in case the condemnation was for a public highway, as provided in Tit. 19, § 14, Code 1940. St. Clair County v. Bukacek, Ala., 131 So.2d 696 [1]; Morgan County v. Hill, 257 Ala. 658, 60 So.2d

1. Post, p. 323.

838, and cases there cited. The increase in value from former years was not relevant and should not have been presented for the jury's consideration under the facts of this case. No authority has been cited supporting the giving of such a charge.

■ The charge itself is abstract as it applies to lands generally and not to lands in this particular locality, and could have been properly refused. We have held that trial courts will not be reversed for refusing abstract charges or charges not covered by the pleadings, although they assert the law correctly; and neither will they be reversed for giving such charges, unless it appears that injury was sustained. Gilliland & Echols Farm Supply & Hatchery v. Credit Equipment Corp., 269 Ala. 190, 112 So.2d 331; Central of Georgia R. Co. v. Hyatt, 151 Ala. 355, 43 So. 867.

In Dudley v. Alabama Utilities Service Co., 225 Ala. 531, 144 So. 5, 7, we said:

"The rule of our decisions is that if error has intervened in any case on the ground of misdirection of the jury, the giving or refusing of special charges, or as to any matter of pleading or procedure, in any civil case, the judgment following will not, on this account, be reversed, unless the court be of the opinion, as a matter of fact, that this error has probably injuriously affected substantial rights of the parties complaining. * * *"

While it was error to give the charge under the facts in this case, we are unable to agree that the error has probably injuriously affected substantial rights of appellant. The amount of compensation awarded by the jury was several thousand dollars less than the amount testified to by appellee and his witness; and appellant's expert appraiser testified that appellee's damages were $4,700, which was $1,700 more than awarded by the commissioners.

The erroneous charge, or evidence that the value of lands had increased since 1950 should not have been given or permitted to have been introduced, but the matter was so irrelevant to the facts and the issue involved, that we are unable to see how appellant could have been injured by the error. We are constrained to hold that it was error without injury. Supreme Court Rule 45.

■ Each of the parties have filed motions in the cause. Appellee sought a dismissal of the appeal because the transcript was not filed in this court within sixty days from the taking of the appeal and no extension of time had been granted by the trial court. Since this is not a suit in equity, appellee's contention is without merit. Supreme Court Rule 37, as amended.

■■ The appeal was perfected on September 8, 1960, well within the time for taking the appeal. The transcript of the evidence was filed in the office of the Circuit Clerk of St. Clair County on October 10, 1960, well within the time permitted by the statute, listed as Tit. 7, § 827(1), Recompiled Code 1958. The complete transcript was filed in the office of the clerk of this court on December 6, 1960, which was within the sixty days allowed by Supreme Court Rule 37, as amended.

■ Appellant filed a motion to strike appellee's brief on the merits because it was not filed within twenty days after appellant's brief was served on him as required by Supreme Court Rule 12. We seldom strike a late brief of an appellee. Sometimes the opinion has already been written before the brief of appellee is received, if it is several weeks late. But if we receive it before the case is decided, we consider it in the effort to get all the help possible in deciding the issues correctly. We think the provision in Supreme Court Rule 34, that no party can as a matter of right apply for a rehearing unless brief is filed as provided by the rules, is sufficient penalty to be imposed upon appellee for failure to file his original brief within the time prescribed in Supreme Court Rule 12.

Appellee's motion to dismiss the appeal and appellant's motion to strike appellee's brief on the merits are denied.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.