156 So.2d 359

## SOUTHERN ELECTRIC GENERATING COMPANY

v.

## C. B. HOWARD et al.

### 5 Div. 734.

Supreme Court of Alabama.

Sept. 5, 1963.

Sam W. Oliver, Dadeville, Martin, Vogtle, Balch & Bingham and Robt. H. Owen, Birmingham, for appellant.

**500**

Wilbanks & Wilbanks, and John F. Dillon, IV, Alexander City, for appellees.

GOODWYN, Justice.

This is a condemnation proceeding initiated by appellant (Southern Electric Generating Company) in the probate court of Tallapoosa County against appellees (C. B. and Bessie Howard) to condemn a right of way across appellees' lands for the purpose of erecting "towers, poles and wire lines, for the transmission, distribution, supply and sale of electric power to the public."

From a final order of condemnation rendered in the probate court, appellant appealed to the circuit court of Tallapoosa County where a jury fixed the damages and compensation at $7,731.25. Judgment was in accord with the jury verdict. Appellant's motion for a new trial being overruled, it brought this appeal from the judgment rendered on the jury verdict and also from the judgment overruling its motion for a new trial.

Although considerable testimony was taken on the question of appellant's right to condemn, there is no cross-assignment of error challenging the trial court's conclusion that it had such right.

The condemned right of way is 200 feet wide and runs 1493 feet across appellees' 76-acre farm on which their home is located. Within the right of way are approximately 6.85 acres of land. The transmission line carries 230,000 volts. It appears that appellees' home, a frame dwelling containing 972 square feet of living area and 406 square feet of porches, is located approximately 92 feet from the transmission line.

As is usual in cases of this kind, the witnesses' estimates of compensation and damages varied considerably. One of appellant's professional, or expert, appraisers estimated the value of the land, including the dwelling, at $7,000 before the taking and $5,500 after the taking, for a before and after difference of $1500. Appellant's other appraiser estimated the value before the taking to be $7,300, the value afterwards at $6,950, with a difference of $350 based on the value of the fee of the 6.85 acres taken. This witness valued the property rights in the right of way retained by appellees at 50% of the fee value, resulting in a difference of $175 in the before and after values. Appellees had several witnesses to testify, none of whom was a professional appraiser. Their estimates of compensation and damages ranged from $2,000 to $10,000.

At appellant's request, the jury was permitted to view the land.

Appellant charges error in the following respects:

I. In refusing to give its requested charges 3, 7 and 11.

II. In overruling its objections to questions addressed to appellees' witnesses Heard and Whatley.

III. In refusing to grant its motion to exclude all the testimony of appellees' witness Pearson.

IV. In denying it a new trial on the ground that the jury's verdict was a quotient verdict.

V. In denying it a new trial because of excessiveness of the verdict.

Our conclusion is that none of these constitutes error to reverse.

## I.

■ Refused charge 3 contains two principles, both of which appear to have been substantially and fairly covered by appellant's given charges 2 and 1, respectively. There is no need to determine whether this charge was properly refused for other reasons, including its coverage by the oral charge, as argued by appellees.

■ Although refused charge 7 is not couched in the same language as the portion of the oral charge dealing with the same principle, we are persuaded it was substantially and fairly covered by the oral charge and also by charges 14 and 15 given at appellant's request.

Refused charge 11 is as follows:

"The court charges you that the landowners are not entitled to recover any damages on account of any fears prospective purchasers of remaining property adjacent to the right of way may have as to possible, fanciful or imaginary dangers resulting from the use of the transmission line on the property sought to be condemned."

Appellant recognizes that a portion of the oral charge is similar to refused charge 11 but contends that the oral charge does not substantially and fairly cover the rule stated in charge 11. We are unable to agree. Our view is that the following portion of the oral charge sufficiently covered the rule stated in charge 11, viz:

"* * * Fear as has been pointed out during the trial of the case, as a correct proposition of law, fear is not an element of the damages here. Not when fears are conjectural or speculative. There has been no showing of any danger to the property that is being taken here or to the remainder. So fear, gentlemen, is not to be considered as one of the elements of damages in this case. Neither are imaginary or supposed damages. They must be proven to you. And there again only you can say what has been proven. * * * And the Court will hasten on to add that any time that a witness has said that he has based his opinion of a value on some element that is not a proper element of damage such as fear then you must take that into consideration, too, gentlemen, in determining what weight will be given the opinion of that witness. You are the weighers of the facts, gentlemen. You and only you can decide what has been proven and what has not been proven. * * *"

No exception was taken to any part of the oral charge.

Bearing on the refusal of these charges is the following portion of Code 1940, Tit. 7, § 273, viz:

"* * * The refusal of a charge, though a correct statement of the law, shall not be cause for a reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's general charge or in charges given at the request of parties. * * *"

## II.

Appellant charges error in overruling its objection to the following question asked

appellees' witness Heard on direct examination, viz:

"What effect would, in your opinion, a 230,000 volt electrical transmission line have on radio and TV reception in a house 92 feet from that line?"

The record discloses that the first time this question was asked, it was not answered and, in fact, was withdrawn. Shortly thereafter, when the question was asked again, appellant's motion to exclude the witness' answer was granted. We do not find where this particular question was again asked and answered.

There is no assignment of error challenging any other ruling with respect to this witness' testimony.

■■ Error also is charged in overruling appellant's objection to the following question asked appellees' witness Whatley on direct examination, and in permitting the witness to answer the question, viz:

"Do you have an opinion, Mr. Whatley, as to the effect, if any, of a 230,000 volt line on the radio and television reception in a house located in approximately 92 feet from the line itself?"

The witness, in answer to the question, replied: "Yes, sir." As we see it, whether the witness had an opinion as to the effect of the transmission line, without more, was not reversible error. It is well-established that the competency of a witness to testify as an expert is a matter addressed to the sound discretion of the trial court, and its decision on the evidence going to the witness' competency will not be disturbed on appeal except for palpable abuse. Russell v. Relax-A-Cizor, Sales, Inc., 274 Ala. 244, 250, 147 So.2d 279; Baggett v. Allen, 273 Ala. 164, 166, 137 So.2d 37; Hewett v. McGaster, 272 Ala. 498, 502, 133 So.2d 189; Southern Metal Treating Co. v. Goodner, 271 Ala. 510, 521, 125 So.2d 268; State v. Johnson, 268 Ala. 11, 13, 104 So.2d 915. We cannot say there was palpable abuse in permitting the witness to answer the challenged question. In this connection, it is to be

noted that the evidence discloses that the witness was the chief engineer of one radio station, technical director of two other radio stations, had been a student at the Army Signal School for about four months, and an instructor at a Branch Signal School for about sixteen months, and had had "occasion to study the effect of electrical transmission lines on radio and TV reception." Also, on further questioning of the witness as to what his opinion was, appellant's objection was sustained.

There is no assignment of error challenging any other ruling with respect to this witness' testimony.

III.

■ Error is charged in overruling appellant's motion to exclude the testimony of appellee's witness Pearson, except that part relating to the land being worth $50 an acre. The basis of the motion was that this witness' testimony "included improper elements of damages." There is no dispute that the element of fear, which the court charged out, was an element used by this witness in arriving at his opinion of the damages to the property. However, it also seems clear that this was "one of the elements on which he based his opinion." He testified that he was familiar with the land; that fear had "something to do with" the value in arriving at the damages and that he took into consideration "all that he knew about" it. The fact that the witness, in forming his opinion, considered an irrelevant matter, among other considerations, went to the credibility of his testimony, and not to its admissibility. Southern Electric Generating Co. v. Lance, 269 Ala. 25, 30-31, 110 So.2d 627; Blount County v. Campbell, 268 Ala. 548, 554, 109 So.2d 678; Alabama Power Co. v. Berry, 222 Ala. 20, 24, 130 So. 541. As said in Blount County v. Campbell supra, viz:

"The appellant contends that the trial court committed reversible error in overruling appellant's motion to exclude the testimony of Charles E. Tavell. That witness testified with reference

to value of the property that, 'I arrived at it by using an estimated basis that the State has appraised people's land adjoining.' The appellant contends that all of the testimony of this witness should have been excluded because his opinion was based on irrelevant material. The record shows that this witness had previously testified to a knowledge of the property which would give him a basis for forming a correct opinion of the value of the property. The fact that, in forming his opinion, the witness considered some irrelevant matters, goes to the credibility of his testimony, and not to its admissibility. * * *"

### IV.

Appellant, in support of its insistence that the verdict of the jury was "a quotient verdict," starts with the premise that the damages and compensation in the amount of $7,731.25, being an unusual amount and not based on the testimony of any witness, necessarily must have been arrived at in a manner resulting in a quotient verdict. It is then assumed that three of the jurors favored an award of $925, arrived at by taking an average of $350 and $1500 damages testified to by appellant's two appraisers (it is to be noted, however, that the difference in value before and after the taking, according to one of the witnesses, was $175 instead of $350), and that nine jurors favored $10,000, which was the highest estimate of damages given by any of the witnesses for appellees. By adding the sums of 3 x $925 and 9 x $10,000, a total of $92,775 is reached. Dividing this by 12 results in $7,731.25, the amount of the jury's award. The argument is that this shows the jurors must have agreed in advance to approve as their verdict the quotient of the several jurors' figures, particularly since they included even the small amount of 25¢ in their verdict.

The rule is that, in order to render a verdict objectionable on the ground it was a quotient verdict, the jury must have agreed in advance to abide by the result of the calculation. Fleming v. Knowles, 272 Ala. 271, 277–278, 130 So.2d 326; Sanders v. State, 243 Ala. 691, 699, 700, 11 So.2d 740; Harris v. State, 241 Ala. 240, 243, 2 So.2d 431; Birmingham Ry. Light & Power Co. v. Moore, 148 Ala. 115, 130, 42 So. 1024. The burden of proof on such issue is thus stated in Mobile & O. R. Co. v. Watson, 221 Ala. 585, 586, 130 So. 199, viz:

"The rule has long prevailed in Alabama that, when there are shown figures used by a jury in its deliberations from which a fair inference may be drawn that the verdict was a quotient, the court will so hold, and that it was the result of a previous agreement unless the contrary is shown. * * *

"Also that evidence of jurors is admissible to sustain their verdict, * * * but jurors cannot testify to facts which tend to impeach it. * * * *"

In the case before us, there was no evidence offered in support of the motion for a new trial from which a fair inference could be drawn that there was a quotient verdict. In fact, there was no evidence offered at all. As we see it, appellant's assumption as to how the jury arrived at its award is based on surmise and speculation and cannot serve as a basis for holding there was a quotient verdict.

In every case involving a quotient verdict which has come to our attention, there has been offered in evidence, in support of the motion for a new trial, some memorandum or paper (usually found in the jury room at the conclusion of the jury's deliberations or among the papers which were in the jury's possession during its deliberations) disclosing figures used by the jury in its deliberations. We have held that when such a memorandum or paper is found, it is prima facie evidence that the verdict was a quotient verdict, that is, "the result of a previous agreement unless the contrary is shown." See: Mobile & O. R. Co. v. Watson, supra. There being no such prima facie evidence in the case before us, there was no occasion for appellees to offer evi-

**504**

dence that the verdict was not "the result of a previous agreement."

V.

We find no basis for holding that the trial court erred in denying appellant's motion for a new trial on the ground that the jury's verdict was excessive. As already noted, the witnesses' estimates of compensation and damages varied from a low of $175 to a high of $10,000. Our view is that, under the evidence, including the jury's view of the land, the amount of the award was peculiarly the prerogative of the jury to determine. We find no basis for saying that the award was due to bias, passion, prejudice, corruption, or other improper motive on the part of the jury. The trial court's conclusion that the award was not excessive lends strength to our holding. For statement of rules governing our consideration of questions of excessiveness of verdicts, see: Vest v. Gay, ante, p. 286, 154 So.2d 297, 298.

The judgments appealed from are due to be affirmed.

Judgments affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.