165 So.2d 371

**J. E. SAYERS**

v.

**CITY OF MOBILE.**

1 Div. 176.

Supreme Court of Alabama.

May 28, 1964.

Tonsmeire & McFadden, Mobile, for appellant.

Wm. R. Lauten and Peter J. Palughi, Mobile, for appellee.

SIMPSON, Justice.

This is the second appeal in this case, both from a judgment of the Circuit Court of Mobile County, granting the City's motion for a new trial in a condemnation case.

The following statement of the case taken from the prior decision reported at 274 Ala. 77, 145 So.2d 807, will be sufficient for an understanding of the background of the case:

"The case came to the Circuit Court on appeal by the condemnee from an order of condemnation entered in the Probate Court of Mobile County. In the Circuit Court the cause came on for trial before Judge Douglas Stanard without a jury. On November 16, 1960, Judge Stanard rendered a judgment wherein the subject lands were ordered condemned and J. E. Sayers, the condemnee, was awarded damages in the sum of $137,150.

"Judge Stanard was succeeded in office by Judge Daniel T. McCall, Jr., on November 18, 1960.

"The condemnor, the City of Mobile, filed a motion for a new trial on December 9, 1960. On that date the presiding judge of the circuit, Honorable Robert T. Ervin, Jr., ordered that a hearing on the motion for new trial be had before Judge McCall * * *".

The prior appeal resulted in a reversal of Judge McCall's judgment granting a new trial because it did not appear that the evidence taken on the trial of the case had been re-introduced on the hearing of the motion for new trial. The case was remanded and from the judgment granting the new trial. after remandment, this second appeal has been taken by the condemnee.

It is first appropriate to point out that we are dealing with a case where the new trial was granted by a judge other than the one who tried the case. In this situation there is no presumption to aid the judgment on the motion. As recently as March 19, 1964, this court stated the rule:

"It is to be remembered that this case was tried by the court without a jury. In such a trial, it seems axiomatic that the decision of the court has the effect of the verdict of a jury. Beasley v. Beasley, 256 Ala. 647, 649, 57 So.2d 69.

"In the case at bar, the new trial was not granted by the judge who tried the case and heard and saw the witnesses testify. At most, the judge hearing the motion could read, or have read to him, a transcription of the evidence given ore tenus on the original trial. * * * In reviewing the sufficiency of the evidence to sustain the verdict, the judge hearing the motion did not have the benefit of observing the witnesses, and there is no reason known to us why there should be any presumption that his ruling on the sufficiency of the evidence is correct. He was no better advantaged than the appellate court in reviewing the evidence. It is, therefore, our duty to review the sufficiency of the evidence to sustain the judgment [on the original trial] for defendant without presumption in favor of the ruling granting the new trial. On the contrary, we should indulge the presumption that the judge who heard the evidence ore tenus on the original trial decided correctly. As already stated, his decision is like the verdict of a jury.

"The rule applicable here has been stated as follows:

"'* * * But when there is evidence on both sides, or some evidence to support the verdict, it should not be set aside, because it may not correspond with the opinion of the court as to the weight of the testimony, or because it is against the mere preponderance of the evidence * * *.' Cobb v. Malone

& Collins, 92 Ala. 630, 635, 9 So. 738, 740." National Security Insurance Company v. Elliott, 276 Ala. 353, 162 So.2d 449.

We must therefore look to the evidence to determine whether or not Judge Stanard's judgment was supported by the evidence. It is not questioned that the City had the right to condemn the land. All of the evidence adduced at the trial concerned the value of the lands before and after the taking and the damages to which the defendant, condemnee, was entitled.

The City's motion for new trial contained 32 grounds which can be reduced to four points:

1. That the verdict was excessive.

2. That the verdict was contrary to the great preponderance of the evidence.

3. The verdict did not allow evidence of enhancement in that the verdict did not consider the drainage canal a part of the highway project.

4. Judge Stanard allowed evidence of sales to be introduced over objection, which sales were not comparable.

We shall consider these, although not necessarily in the order stated.

The land involved consisted of some 55 acres lying between Cottage Hill Road and Pleasant Valley Road within the city limits of Mobile. The property fronts a new Belt Line Highway.

■■ The canal for which the property was condemned takes about one-fifth of the tract of land and divides it into two parcels, leaving approximately 18 acres east of the canal and a larger 27-acre tract west of the canal. Twenty acres of the land remaining is being used as a temporary spoil easement for two years. The record discloses that the city presented one expert witness to testify as to the value of the property. The land owner presented three experts to testify on the same subject. All of the expert witnesses agreed that the land owner lost the value of the 11 acres actually taken and suffered a diminished value with regard to the 27 acres remaining west of the canal.

The witness who testified for the City admitted that he appraised the property for residential purposes and did not consider its value for commercial purposes, although conceding that the property would be more valuable for commercial purposes. Appellant's witnesses considered the best use of the property as commercial and based their estimates accordingly. The property had been recently annexed to the City and at that time was zoned residential. There was, however, evidence to the effect that the zoning would be changed to commercial. In fact, a portion of it had been so changed.

We find ourselves in agreement with the condemnee's view that he was entitled to consideration on the basis of the highest and best use to which the property could be put. Speaking on this subject we have said:

> " 'It is relevant to inquire into the several elements of value, such as the uses to which the property is adapted, although not presently so used, if it appears such prospective use affects the present market value of the property. Whatever an intelligent buyer would esteem as an element of value at the time of taking may be considered.' " Blount County v. McPherson, 268 Ala. 133, 105 So.2d 117.

■ We find nothing inherently objectionable about allowing the landowner to introduce evidence on the likelihood of a change in a zoning restriction within the foreseeable future. The text writers support the practice in limited instances:

> "Where the enactment of the zoning restriction was not predicated upon the inherent evil of the prescribed use—in other words, where the forbidden use is *malum prohibitum* rather than *malum in se*—and there is a possibility or probability that the zoning restriction

may in the future be repealed or amended so as to permit the use in question, such likelihood may be considered if the prospect of such repeal or amendment is sufficiently likely as to have an appreciable influence upon present market value * * *." Nichols on Eminent Domain, Vol. 4, § 12.322.

The City contends that the drainage canal was a part of the Belt Line Highway and therefore it was entitled to show under Title 19, § 14, Code of Ala. 1940, that the remaining portion of the property had been enhanced in value, thereby mitigating the damage suffered as a result of the condemnation. This is purely a factual matter and there is ample evidence to the effect that the highway and canal were two distinct projects and that the condemnation proceedings for each were initiated by different governmental agencies at different times. The trial judge so found and we must not substitute our judgment for his. See Simmons v. F. W. Dodge Corp., 270 Ala. 616, 120 So.2d 921. There was no error then in his refusing evidence of enhancement in this proceeding since the evidence supports a finding that this was not a condemnation for a public highway.

The City's final contention is that the trial court erred to reversal in allowing evidence of sales of other lands to determine the value of the lands in question. This Court has adopted the so-called "Massachusetts Rule" on this issue (see 118 A.L.R. 869), to the effect that evidence of other sales of property is admissible as an aid to determining the value of condemned land if "the conditions surrounding the two tracts of land are similar and if the sale was neither too remote in point of time nor of such a character as to indicate that it did not represent the true value of the property". See Southern Electric Generating Co. v. Leibacher, 269 Ala. 9, 110 So. 2d 308, 315, where we stated:

" * * * we call attention to the fact that in the recent case of Davis v. Reid, 264 Ala. 560, 88 So.2d 857, it was said that Alabama has adopted the general or majority rule, known as the 'Massachusetts' Rule, which is to the effect that in cases involving the sale of lands, evidence as to the sales price of other lands which were sold voluntarily is admissible, if the conditions surrounding the two tracts of land are similar and if the sale was neither too remote in point of time nor of such a character as to indicate that it did not represent the true value of the property."

Here the court heard evidence on the sale of other lands in the immediate vicinity after several witnesses had testified that there was no physical change or market change in the intervening period (one month in one case—five months in another). It is within the trial court's discretion to determine whether the evidence is too remote and its ruling in that regard, unless plainly erroneous, is not revisable on appeal.

Perhaps we have belabored this case too long already since the record clearly indicates that the evidence as to damages was in conflict, some of the evidence showing that the landowner had suffered damages considerably in excess of the verdict and other evidence considerably less than the verdict. In the view we take of the case, every presumption must be indulged in favor of the trial court's finding even though we might have reached a different conclusion on the exact evidence, and this is particularly true with regard to a trial court's findings as to value or amount of damages. Alabama Pecan Development Co. v. Case, 266 Ala. 471, 97 So.2d 537; Ala.Dig., Appeal & Error, ⇔1010, et seq.

It follows that the judgment granting the new trial is reversed and the judgment for defendant is reinstated.

Reversed and rendered with directions.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.