194 So.2d 827

**STATE of Alabama**

**v.**

**Raymond HODGE et al.**

1 Div. 345.

Supreme Court of Alabama.

Feb. 2, 1967.

Lee B. Williams, Sp. Asst. Atty. Gen., Grove Hill, for appellant.

Garrett & Gillmore, Grove Hill, for appellees.

MERRILL, Justice.

This appeal is from a judgment for $7,500 in favor of landowners, husband and wife, in a highway condemnation case based upon a verdict in their favor for that amount. A motion for a new trial was overruled.

The parcel of land was 1.49 acres in front of appellees' home. Their home was lower than the grade of the existing and the proposed highway. The distance from the house to the existing right of way was 135 feet and 175 feet to the paved portion of the highway. After the condemnation, their house would be 50 feet from the right of way and 115 feet from the paved portion of the highway. There was a stream directly behind the house, preventing the moving of the house backward on the tract. All the shade trees in front of their home were on the 1.49 acres condemned.

Appellant's first assignment of error is that the court erred in overruling its motion for a new trial. The only ground of the motion argued in brief is that the verdict was excessive and a result of bias, passion and prejudice against the condemnor.

One of appellant's three witnesses, a real estate appraiser from Mobile, testified that in his judgment the difference in the value before and after the taking was $300. The other two, who were commissioners appointed by the probate court to assess the damages, fixed them at $800.

Appellees offered fourteen witnesses, all citizens of Clarke County, all owners of real estate and all familiar with land transactions in the vicinity of the property owned by appellees. They stated the damages would be between seven and eight thousand dollars.

The gist of appellant's argument is that there is such disparity between the amounts that it is evident that the verdict was biased and excessive.

In State v. Young, 275 Ala. 648, 157 So. 2d 680, the low assessment was $5,380, the high $17,200. We held that a verdict of $11,000 was not biased or excessive.

In Southern Electric Generating Co. v. Howard, 275 Ala. 498, 156 So.2d 359, the testimony as to damages ranged from a low of $175 to a high of $10,000. The jury awarded $7,731.25 and we found this amount not excessive.

We find no basis for saying that the award here was due to bias, passion, prejudice, corruption or other improper motive on the part of the jury. The trial court's conclusion that the award was not excessive lends strength to our holding. Southern Electric Generating Co. v. Howard, supra.

The only other argued assignment of error reads:

"2. The trial court erred in overruling the plaintiff's objection to the following question propounded by the defendants to the witness Tunstall Tate:

"Q. Tell the jury what the State of Alabama paid for this.

"MR. WILLIAMS: I object to that. I don't see where it is material.

"JUDGE LINDSEY: Was it similarly located land?

"MR. GILMORE: I will show it was a dwelling.

"JUDGE LINDSEY: Overrule the objection.

"MR. WILLIAMS: Except.

"(See Transcript Page 30)"

But this excerpt does not show all the proceedings relating to the point. The record shows the following:

"Q The State—it was necessary to condemn property half a mile from there that Bozie Law, Woodrow Law, owned?

"A Yes.

"Q Tell the jury how much property this was that was condemned.

"A I don't recall how much it was, but I don't believe we condemned the Law property.

"Q Tell the jury what the State of Alabama paid for this.

"MR. WILLIAMS: I object to that. I don't see where it is material.

"JUDGE LINDSEY: Was it similarly located land?

"MR. GILMORE: I will show it was a dwelling.

"JUDGE LINDSEY: Overrule the objection.

"MR. WILLIAMS: Except.

"Q Woodrow Law had a dwelling house within half a mile of this property, didn't he?

"A Mr. Gilmore, the Law property to which you refer, it was taking all the house and lot with the house.

"Q Tell the jury what kind of house it was?

"A It was a two story house.

"Q A shell home, Jim Walter house?

"A Something like that, of that nature.

"Q Tell the jury what the State of Alabama paid Woodrow Law for that house?

"A I don't remember exactly.

"Q It was over eight thousand dollars, wasn't it?

"A It could have been."

This, and other evidence, shows that the Law property in question was also property on the same project that had been acquired by the State. The trial court erred in overruling the objection.

We have consistently held that in a condemnation proceeding, the price paid by the condemnor for other lands which are to be used for the same purpose as the lands being condemned is inadmissible, and its admission is reversible error. Southern Electric Generating Company v. Lance, 269 Ala. 25, 110 So.2d 627(11); Alabama Power Co. v. Sides, 212 Ala. 687, 103 So. 859.

But error must be prejudicial to be reversible, Supreme Court Rule 45, Tit. 7, Appendix, Code 1940. An appellant has not only the burden of showing error, but also of showing that he was probably prejudiced by it. Shelby County v. Baker, 269 Ala. 111, 110 So.2d 896. Here, the court erred in overruling the objection to the question, but there was no answer from the witness to this question. Where there is no answer to a question, any error in asking the question is harmless. Southern Electric Generating Co. v. Leibacher, 269 Ala. 9, 110 So.2d 308. Thus far, there was no prejudicial error.

Then, a new line of questioning was begun and the next objectionable question was "Tell the jury what the State of Alabama paid Woodrow Law for that house." The following question was also subject to objection, but there was no objection to either question. We have held that when an objection to a question has been ruled on by the court, but is repeated in a slightly different form, objection must be made again to the question or the answer. Marbury Lumber Co. v. Heinege, 204 Ala. 241, 85 So. 453.

But there was no objection to either the questions or the answers. It follows that even though the evidence was inadmissible on proper objection, and subject to exclusion on proper motion, the evidence was before the jury for consideration in the absence of any objection. Vinyard v. Duck, 278 Ala. 687, 180 So.2d 522, and cases there cited.

The argued assignments of error present no reversible error.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.