196 So.2d 387

**STATE of Alabama**

v.

**Wayne HUGGINS et al.**

**1 Div. 305.**

Supreme Court of Alabama.

Feb. 23, 1967.

J. B. Blackburn, Bay Minette, for appellees.

Kenneth Cooper and Bert S. Nettles, Sp. Asst. Attys. Gen., and Johnston, Johnston & Nettles, Mobile, for appellant.

LAWSON, Justice.

The State of Alabama filed a petition in the Probate Court of Baldwin County to condemn lands belonging to Wayne Huggins and Geraldine W. Huggins for highway purposes.

The award of the Commissioners in the Probate Court was $40,000 and a judgment of condemnation was entered accordingly.

The State took an appeal to the Circuit Court of Baldwin County, where no issue was made as to the right of the State to condemn the property in question. The sole question was the amount of damages to be awarded the property owners.

In the Circuit Court the trial was before the court and a jury. The jury returned a verdict in favor of the landowners in the sum of $25,000. Judgment was entered accordingly and the State's motion for a new trial was overruled. The State has appealed to this court.

The cause was submitted here on motion and merits.

### Motion to Dismiss Appeal

■ The appellees filed a motion to dismiss the appeal on the ground that the appellant, the State of Alabama, has not filed bonds in compliance with § 23 of Title 19 and § 960 of Title 7 of the 1940 Code of Alabama.

The motion to dismiss is denied on the authority of State v. Barnhill et al., 280 Ala. 574, 196 So.2d 691, this day decided.

### Merits

The appellant argues that the trial court erred in refusing to grant it a new trial based on the grounds of its motion for a new trial which took the point that the amount awarded to appellees by the jury was excessive.

Before the taking the appellees owned approximately one hundred acres of land situated very near the town of Loxley in Baldwin County. The controlled or limited access highway, which runs in an easterly and westerly direction through appellees' land, together with an all-weather free access road to be constructed along the northern edge of the right-of-way, takes approximately twelve acres of the one-hundred-acre tract. Approximately sixty-six acres remain north of the land taken and approximately twenty-two acres remain to the south.

■ The rule of compensation in a condemnation proceeding in this state, where only a part of a tract of land is taken for highway purposes, is that the owner is entitled to the difference between the value of the entire tract immediately before the taking and the value of the part remaining after the taking, giving effect to any enhancement in value to the part remaining. State v. Goodwyn, 272 Ala. 618, 133 So.2d 375; State v. Jacks, 272 Ala. 107, 128 So.2d 734; St. Clair County v. Bukacek, 272 Ala. 323, 131 So.2d 683; State v. Boyd, 271 Ala. 584, 126 So.2d 225; State v. Stoner, 271 Ala. 3, 122 So.2d 115.

The witnesses' estimate of compensation and damages varied to a great extent. One witness for appellant expressed the opinion that the appellees' property before the taking had a value of $40,800 and after the taking the remaining lands had a value of $52,000. In other words, according to this witness, Allen Sullivan, Jr., the construction of the controlled or limited access highway and the all-weather free access road to be constructed enhanced the value of appellees' property in the amount of $11,200.

On the other hand, all of the witnesses for appellees expressed the opinion that the taking of the twelve-acre tract reduced the value of the property more than $30,000. One of them placed the damage to appellees by the taking at approximately $43,500.

■ Our view is that under the evidence which was admitted by the trial court, the amount of the award was peculiarly the prerogative of the jury to determine. We find no basis for saying that under the admitted evidence the award to appellees was so high as to show bias, passion, prejudice, corruption or other improper motive on the part of the jury. The trial court's conclusion that the award was not excessive lends support to our holding. Southern Electric Generating Co. v. Howard, 275 Ala. 498, 156 So.2d 359; State v. Young, 275 Ala. 648, 157 So.2d 680; State v. Stoner, supra.

The trial court did not err in refusing to grant appellant a new trial on the ground that the verdict was excessive. See State v. Hodge, 280 Ala. 422, 194 So.2d 827.

In its oral charge to the jury the trial court said: " * * * The only element of enhancement you could consider: Was

the remaining land enhanced in value by the construction of the access road to the side of the property; did that enhance the value of the land?" An exception to that statement was duly taken by appellant.

It is clear from a reading of the entire record that the able trial judge was under the impression that this court had held that the question of enhancement to the remaining lands of the condemnee should not be considered where the land taken is used for the construction of a controlled or limited access highway. During the course of the trial the court made the following statement in answer to an insistence of appellant's counsel that evidence offered for the purpose of showing enhancement should be admitted:

"* * * The Supreme Court has held that a limited access road through a piece of property—controlled access, there is no question of enhancement in value and I am going to so instruct the jury, but I am going to instruct the jury, but I will instruct them if they find the land was enhanced by the dirt road, they should consider that." (Record, p. 47)

Our research has not disclosed such a holding by this court and counsel for appellees cite no case in support of the statement made by the trial court in its oral charge to which exception was reserved.

■ On the contrary, in each of the cases next cited we were concerned with the taking of a part of a tract of land for a controlled or limited access highway and in each or them we said in effect that the landowner, as compensation, was entitled to the difference between the value of the tract immediately before the taking and the value of the part remaining after the taking, *"giving effect to any enhancement in value of the part remaining."* (Emphasis supplied) State v. Stoner, supra; State v. Jacks, supra; St. Clair County v. Bukacek, supra; State v. Goodwyn, supra; State v. Boyd, supra; State v. Barnhill et al., supra.

In State v. Boyd, supra, the State contended that the trial court erred in giving the following written charge to the jury:

"The Court charges the jury that in arriving at the amount of the award to be made to appellees herein that you cannot consider any possible enhancement to the remainder of appellees' property, there being no evidence of enhancement in value before the Court."

We held that the charge was properly given because "the expert witnesses were agreed that the highway did not enhance the value of the remaining portion of appellees' property and there was no evidence that the value of the property was enhanced." We did not hold that the charge was properly given for the reason that enhancement cannot be shown where the property taken is to be used for the construction of a controlled or limited access highway.

In the case at bar, the witness Allen Sullivan, Jr., as we have heretofore shown, stated that in his opinion the taking enhanced the value of appellees' remaining property in the amount of $11,200. We cannot say that his estimate of the enhancement was based solely on the fact that the all-weather free access road was to be constructed on the right-of-way which was taken.

■ We hold, therefore, that the trial court committed reversible error in charging the jury to the effect that the only element of enhancement which the jury could consider was the construction of the all-weather service or access road.

■ We do not think the trial court erred in refusing to permit the State to introduce evidence for the purpose of showing enhancement to the effect that appellees could use a part of their land north of the condemned tract as a "barrow" or "borrow" pit, from which dirt could be sold to the appellant to be used in the construction of the controlled or limited access highway and the all-weather serv-

ice road. There is no evidence in this record to show that the State was obligated to purchase dirt from appellees. For aught appearing, the State was at liberty to secure dirt from any source. The possibility that the State might buy dirt from appellees was too uncertain and conjectural to be considered as an element of enhancement. See Zook v. State Highway Commission, 156 Kan. 79, 131 P.2d 652. In disposing of this question in this manner, we do not want to be understood as holding that enhancement would have been shown even if a contract or agreement with the State to purchase dirt from appellees had been proved. The sale of the dirt might bring immediate revenue to appellees, but on the other hand the sale of dirt, particularly if it was topsoil, would no doubt depreciate the value of the land for farming purposes.

 Appellant in its brief groups Assignments 12 and 38 under Proposition IV, which is that: "For an interchange to be considered as an element of enhancement, it is not necessary that it touch the property being condemned." We agree that lands may be enhanced by the location of a service road and a controlled or limited access highway which connects by way of an interchange with another highway in close proximity to the condemnee's remaining lands. We have held that both general and special benefits may be set off against both damages to the remainder and the value of the part taken. Pryor v. Limestone County, 222 Ala. 621, 134 So. 17; McRea v. Marion County, 222 Ala. 511, 133 So. 278. But the assignments of error argued under Proposition IV do not relate to any ruling of the trial court sustaining objections of appellees to questions propounded by appellant to witnesses seeking to elicit testimony concerning the effect upon appellees' property of the construction of the interchange.

Finally, the appellant argues that the trial court erred to a reversal in refusing to permit the State to show that appellees' residence, which had been located on the condemned tract, was removed by appellees to their remaining lands, that is, land not taken by the condemnation proceeding.

We agree with appellant. Every witness for appellees, in arriving at the value of appellees' property before the taking, treated the residence as having been destroyed or rendered useless to appellees.

 The trial court apparently refused to permit the State to show that appellees had removed their residence from the condemned tract on the theory that valuation and compensation should both be determined as of the date of the filing of the application. But this is not an invariable or absolute rule, one exception being illustrated by our case of Jefferson County v. Adwell, 267 Ala. 544, 103 So.2d 143. In that case a building situated on property against which condemnation proceedings had been instituted was thereafter partially destroyed by fire. We observed:

"Although the valuation should be determined as of the date of the filing of the application, compensation should not be awarded for property destroyed by fire subsequent to the date of the filing of the application for which the landowner has been compensated, by insurance or otherwise * * * " (267 Ala. 555, 103 So.2d 152.)

 In our opinion, a condemnee should not be compensated by the condemnor for the full value of a residence which the condemnor does not destroy or appropriate, but which remains the property of the condemnee after the filing of the application for condemnation and which is removed by condemnee to other lands owned by him. It seems to us that any other holding would result in the condemnee being awarded more than just compensation and that is all to which he is entitled.

We have not overlooked appellees' criticism of the manner in which appellant has grouped and argued assignments of error in bulk in its brief. It is our view that the

assignments were sufficiently related to be argued in bulk. Boohaker v. Trott, 274 Ala. 12, 145 So.2d 179.

For an excellent discussion of the question of "Enhancement in Condemnation Cases" see the article bearing that title by the Honorable Maurice F. Bishop, of the Jefferson County Bar, and the Honorable Joseph D. Phelps, of the Montgomery County Bar in Alabama Law Review, Vol. 13, p. 123.

Because of the errors pointed out, the judgment of the trial court is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN, J., concur.

COLEMAN, Justice (concurring specially):

I agree in the result.

I do not agree that Proposition IV in appellant's brief is a correct statement of the law.