207 So.2d 664

**COUNTY BOARD OF EDUCATION OF JEFFERSON COUNTY**

**v.**

**Thomas C. McCARTER et al.**

**6 Div. 383.**

Supreme Court of Alabama.

Feb. 22, 1968.

Wm. Acker, Jr., and Smyer, White, Reid & Acker, Birmingham, for appellees.

Bishop & Carlton, Birmingham, for appellant.

MERRILL, Justice.

The appeal is from a judgment of condemnation of 36.7 acres for school purposes. The jury awarded $37,133.00 to the appellees, and after appellant's motion for a new trial was overruled, this appeal followed.

The right to condemn was stipulated in the circuit court and the only question involved was the amount of damages and compensation to which the owners were entitled.

The appellant sought to condemn 36.7 acres of appellees' 437 acre tract for the construction of the New Castle School some 8 miles north of Birmingham.

Appellee Thomas C. McCarter, who, with his wife, were the owners of the tract, had been a real estate broker and developer since 1931 and for the last seven years had concentrated his efforts in the northern part of Jefferson County. He had built or promoted for sale many homes in the Town and Country Estates subdivision which was only one quarter section from his property and less than two quarter sections from the property taken. He bought and developed Darlene Estates subdivision which was just west of the tract here involved. Each of these subdivisions had nice residences erected on them. McCarter testified without objection that he bought the property for a white residential development.

The condemned tract was so situated that it completely separated the property, making two tracts out of it, roughly 100 acres southwest of, and 300 acres north and east of the condemned tract. It had not been platted for lots but the evidence is overwhelming that its highest and best use was for residential subdivisions.

Appellant argues that the verdict and judgment are excessive. Appellant's three witnesses testified that the difference in the reasonable market value of the property before and after the taking was: Park $23,000, Rast $18,350 and Bragg $18,350. Appellees' witnesses' testimony on the same subject were: Appellee McCarter $85,000, Williamson $54,125, White $57,000. Rast and Bragg were appointed by the probate court as commissioners to assess damages originally. Park, Williamson and White were members of the American Institute of Real Estate Appraisers (MAI).

Where there is a conflict in the evidence as to the damages the landowner has suffered as a result of condemnation, every presumption will be indulged in favor of the trial court's findings, especially as to value or amount of damages. Sayers v. City of Mobile, 276 Ala. 589, 165 So.2d 371, 9 A.L.R.3d 283.

We find no basis for saying that the award here was due to bias, passion, prejudice, corruption or other improper motive on the part of the jury. State v. Hodge, 280 Ala. 422, 194 So.2d 827; State v. Huggins, 280 Ala. 538, 196 So.2d 387; State v. Young, 275 Ala. 648, 157 So.2d 680; Southern Electric Generating Co. v. Howard, 275 Ala. 498, 156 So.2d 359. The trial court's conclusion that the award was not excessive lends strength to our holding. *Hodge*, supra; *Huggins*, supra.

The trial court did not err in refusing to grant a new trial on the ground that the verdict was excessive.

■ Assignment 2 charges error in the refusal to give requested charge 4. This charge was properly refused because it was adequately and substantially covered in the oral charge. Southern Electric Generating Co. v. Howard, 275 Ala. 498, 156 So.2d 359; Turner v. Blanton, 277 Ala. 536, 173 So.2d 80.

Assignments 11, 12, 13 and 15 relate to rulings sustaining objections to testimony about proposed improvements the county planned or hoped to make in the future on access roads. It was stipulated by the parties that the date of the taking was March 2, 1965. The trial court first stated, "I would sustain the objection as to plans in the future as to what the County has in mind to do here, there, or elsewhere." But later, evidence of planned access roads was admitted without objection and the trial court charged the jury that it could consider these proposed access roads.

■ The information sought by the questions which were made the basis of the assignments of error was given in subsequent answers to which there was no objection and the error, if any, was harmless. Blount County v. McPherson, 268 Ala. 133, 105 So.2d 117; Harvey Ragland Co. v. Newton, 268 Ala. 192, 105 So.2d 110.

Assignments of error 4, 5, 6, 8, 12, 22 and 23 are argued together. The first four of these charge error in the refusal to give charges requested by appellant to the general effect that no compensation could be awarded on the basis of any subdivision value of the property. These assignments of error are related and are properly argued together. Southern Electric Generating Co. v. Lance, 269 Ala. 25, 110 So.2d 627. But assignment 12 is not related. It charges error to the sustaining of an objection to a question asked a witness—"Now, does the County have any present projected improvements on any of the roads you have indicated coming off the Pawnee Road to begin in the immediate future?" Likewise, assignments 22 and 23 relate to testimony. No. 22 charges error in allowing the owner to testify that engineering work costing $10,000 had been done on the property, and No. 23 in permitting one of appellees' appraisers to state that the cost to appellees of building a private road from the public road to the remainder of their property would be $25,000. It is clear and apparent that the last three assignments are not related to the first four.

■ Clearly, assignment of error No. 6 is without merit. It charges error in the refusal to give charge 10, which reads:

"I charge you that you cannot award the respondents compensation for property taken on the basis of any subdivision value of such property."

This charge could not have been properly given in view of the fact that the property taken was the most level of the entire property and was located within less than two quarter sections of one subdivision and practically adjoined another, both of which had been developed by the owner of the tract taken, and the evidence that the best use of the property taken was for a subdivision.

■ When unrelated assignments of error are argued together in brief and one is without merit, the others will not be considered. Thompson v. State, 267 Ala. 22, 99 So.2d 198; Southern Electric Generating Co. v. Leibacher, 269 Ala. 9, 110 So.2d 308.

No reversible error has been presented.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.