230 So.2d 235

**STATE of Alabama**

**v.**

**Chap Baxter BURROUGHS and Janie Mae Burroughs.**

**6 Div. 578.**

Supreme Court of Alabama.

Jan. 8, 1970.

McQueen, Ray & Allison, Tuscaloosa, for the State.

Zeanah, Donald & Lee, Tuscaloosa, for appellees.

SIMPSON, Justice.

This appeal is from a judgment in a limited access highway condemnation case awarding damages to the landowners, appellees, in the amount of $18,000, based upon a verdict in their favor for that amount. A motion for a new trial was overruled.

The land involved in this condemnation proceeding was the home of the appellees and consisted of a house and parcel of land, fronting approximately 100 feet on the west side of the Tuscaloosa-Montgomery Highway and extending approximately 400 feet in depth and consisting of .90 of an acre. The taking for a highway right of way for Interstate 59 consisted of approximately .11 of an acre, being a triangular slice running from the northeast corner of the property diagonally to the rear of the property, leaving about 60 feet remaining on the back side. The highway project will be constructed in a cut approximately 23 feet below the property and a limited access fence 6 feet high is to be installed on the entire north side of the remaining property; this fence will be 11.7 feet from the house.

The right of the State to condemn the subject property was not questioned in the circuit court, the only question submitted to the jury being the amount of compensation and damages to which appellees were entitled. As noted, the jury returned a verdict in the amount of $18,000.00.

Appellant assigns as error the refusal of the trial court to grant the motion for a new trial. The only ground argued in brief was that the amount of damages awarded was so high as to show bias, passion, prejudice, corruption, or other improper motive on the part of the jury.

■ The rule of compensation in a condemnation proceeding in this state where only a part of a tract is taken is that the owner is entitled to the difference between the value of the entire tract immediately before the taking and the value of the part remaining after the taking, giving effect to any enhancement in value to the part remaining in case the condemnation was for a public highway. State v. Creola Investment Corp., 283 Ala. 562, 219 So.2d 390; State v. Walker, 281 Ala. 182, 200 So.2d 482; State v. Huggins, 280 Ala. 538, 196 So.2d 387; State v. Goodwyn, 272 Ala. 618, 133 So.2d 375; St. Clair County v. Bukacek, 272 Ala. 323, 131 So.2d 683; State v. Stoner, 271 Ala. 3, 122 So.2d 115.

Appellant's witnesses testified to a difference in the value of the property before and after the taking of $2,600 and $1,880. Appellees' five witnesses testified to different values before and after the taking of $17,000, $22,000, $16,500–$17,000, $15,000–$16,000, and $21,000

Appellant cites no authority for its argument that the verdict is excessive. Instead it argues that the cases from this court in effect leave a condemnor for all practical purposes without a right of appeal where the jury verdict is within the range of high and low value testimony. In support of this contention it cites State v. Peinhardt, 270 Ala. 627, 120 So.2d 728; State v. Dunlap, 279 Ala. 418, 186 So.2d 132; State v. Graf, 280 Ala. 71, 189 So.2d 912; State v. East Woodland Hills, Inc., 281 Ala. 430, 203 So.2d 447. We have noted that in each of these cases the court pointed out that excessiveness of the verdict was not argued by the condemnor and therefore was not considered by the court.

■ Where there is a conflict as to the amount of damages sustained as a result of condemnation procedures, a presumption will be indulged in favor of the findings made at the trial level. County Board of Education of Jefferson County v. McCarter, 281 Ala. 679, 207 So.2d 664; Sayers v. City of Mobile, 276 Ala. 589, 165 So.2d 371, 9 A.L.R.3d 283. Here the amount of the award was peculiarly the prerogative of the jury to determine. The State contends that the only basis for the amount awarded was that the landowners were 67 years of age and had lived in their

home on the subject property for 19 years. We cannot agree that these facts constitute the only basis for the award made. There was evidence in the case, which if believed, justified the amount awarded. We find no basis for holding that under the evidence the amount awarded by the jury was so high as to show bias, passion, prejudice, corruption or other improper motive on its part.

The trial court's conclusion that the award was not excessive on these grounds in overruling the motion for new trial lends strength to the jury's verdict. State v. Creola Investment Corp., supra; State v. Ryan, 281 Ala. 444, 203 So.2d 681; State v. Hodge, 280 Ala. 422, 194 So.2d 827; State v. Huggins, supra.

It follows that the trial court did not err in refusing to grant the State's motion for a new trial on the ground that the verdict was excessive.

Affirmed.

LIVINGSTON, C. J., and COLEMAN, BLOODWORTH, and McCALL, JJ., concur.