EMBRY, Justice.
This appeal is from a judgment entered in an eminent domain proceeding in which United States Steel Corporation (USS) was awarded the sum of $538,895 in damages for its lands taken for construction of interstate highway 1-59 in Birmingham. The State of Alabama argues that the trial court erred in denying the State’s motion for a mistrial based on a prejudicial question asked by the attorney for USS and in denying the State’s request that testimony be admitted regarding enhancement of the value of USS’s remaining land by relocation of a county road. We find no reversible error in either of these rulings by the trial court and therefore affirm.
*57 In June 1974, the State of Alabama filed an application for an order of condemnation in the Probate Court of Jefferson County, Bessemer Division, seeking to acquire, by eminent domain, four parcels of land owned by USS for the construction of 1-59, including all access rights between the interstate highway and the parcels remaining after condemnation. The probate court held a hearing, granted the petition for condemnation, and appointed three commissioners to determine just compensation for the property. The commissioners filed a report and the probate court entered an order on 11 September 1974 confirming the commissioners’ award of $449,505.
The State appealed to the circuit court, demanding a trial by jury. USS cross-appealed. Following depositions and other discovery, the circuit court held a pretrial conference. Among the matters discussed was whether evidence of the possible rerouting and construction of Powder Plant Road to intersect with 1-59 should be considered. The circuit court determined in its pretrial order that: “Any benefit from the proposed building or rerouting by a county of an access road after the institution of a state condemnation proceeding for a limited access highway is not to be considered in computing condemnation damages in said state condemnation proceedings.” From late 1975 until 1979, the case remained relatively inactive and was continued for trial several times. Following additional discovery, the State once again raised the issue of the rerouting of the county road. The trial court again ruled that compensation should be awarded without regard to the proposed rerouted road.
After a jury trial, a verdict was returned making an award of $538,895 in damages to USS. Judgment was entered on that verdict and the State’s motion for a new trial was overruled. The State then timely perfected this appeal.
The State’s principal witness, Sidney W. Smyer, Jr., testified that the total severance damages of the four parcels was $265,-100. He admitted on cross-examination, however, that despite his opinion that the highest and best use of Parcel I before the taking was commercial and residential, the area was zoned industrial, which classification would result in a higher valuation; that USS had lost 2,400 feet of frontage on a four lane federal highway and only had access at one interchange after the taking; and that the noise and traffic of an interstate could well damage, rather than enhance, remaining properties of USS.
It was also during cross-examination of Smyer that the question was asked which the State argued was grounds for a mistrial:
Q. Are you familiar with Bessemer State Technical College?
A. I know where it is.
Q. It is property similar to that owned by U. S. Steel in that area?
A. Yes.
Q. Before the taking. Is your answer yes?
A. Yes.
Q. Are you aware that they sold nine acres to the state for $16,000 an acre—
Mr. Paden: I’m going to object to that and ask for a mistrial.
The Court: Sustain the objection.
Mr. Knight: On what basis?
Mr. Paden: On the basis that it is [not?] a comparable sale. It is not an arm’s length sale. We would like to argue it outside the presence of the jury.
(Jury not present.)
Mr. Paden: At this time I ask the court to declare a mistrial. That is certainly inadmissible evidence in the form of a statement by counsel for U. S. Steel; it was made for the purpose of prejudicing this jury against the state of Alabama where it was a transaction between two state agencies. There is no question that a sale where there is a condemning party is not an arm’s length transaction. And sales between a state agency and adjoining property owners is not admissible.
The trial court sustained the objection, denied a mistrial, and instructed the jury not to consider the question.
*58 While it is true that “in a condemnation proceeding, the price paid by the condemnor for other lands which are to be used for the same purpose as the lands being condemned is inadmissible, and its admission is reversible error,” State v. Hodge, 280 Ala. 422, 424, 194 So.2d 827 (1967), it is also true that an appellant must show prejudice from such error. “Where there is no answer to a question, any error in asking the question is harmless,” Id. Mr. Smyer never answered the objectionable question.
Furthermore, the jury’s award reflects no bias or prejudice. Not only is the award here close to that recommended by the commissioners to the probate court, but it also is well within the range testified to at trial. The primary witness for USS, Andrew B. Park, gave an appraisal of $737,-634 severance damages for the four parcels. Finally, the deposition of Mr. John D. Chi-chester taken on 18 September 1975 was read into the record. He stated total severance damages to be $788,503. Where the jury’s verdict is within the highest and lowest values placed upon the property by expert witnesses, this conclusion carries great weight. State v. Benderson, 366 So.2d 276 (Ala.1979). The record clearly shows, therefore, that the impropriety of the question was cured by the judge’s instruction to disregard it and, further, that it had no harmful effect.
The State’s other asserted error regards the trial court’s exclusion of any evidence regarding enhancement to the value of USS’s remaining lands by the relocation of Powder Plant Road. This ruling of the trial court is supported, however, by the well-settled rule in this state that valuation is established at the time of the taking. Kayo Oil Co. v. State, 340 So.2d 756 (Ala.1976); Jefferson County v. Adwell, 267 Ala. 544, 103 So.2d 143 (1958). The record shows that neither the state, nor the county, nor the municipality, expected to be able to fund the construction of this proposed relocation at the time this suit was commenced. Therefore, the trial court was also correct in this ruling.
For the foregoing reasons, the judgment below is due to be, and is hereby, affirmed.
AFFIRMED.
TORBERT, C. J., and FAULKNER, AL-MON and ADAMS, JJ., concur.