ON APPLICATION FOR REHEARING
MADDOX, Justice.
Defendants/appellants Beard, Cooper, and BRCA argue, on application for rehearing, that “[i]n affirming the new trial order entered by the successor judge in this case on an abuse of discretion standard, this Court has applied Ala.R.Civ.P. [Rule] 63 in a way that not only rewrites the rule itself, but also overrules by implication the Court’s decisions in National Security Insurance Co. v. Elliott, 276. Ala. 353, 162 So.2d 449 (1964), and Sayers v. City of Mobile, 276 Ala. 589, 165 So.2d 371 (1964).”
The original opinion in this case is based upon this Court’s interpretation of Rule 63, Ala.R.Civ.P. That interpretation is consistent with interpretations that have been made of Federal Rule 63[1] and of State rules containing similar language. Professor Moore, commenting on a case that failed to cite Rule 63, said the following:
“Suppose that the trial judge files findings of fact, conclusions of law, opinion and decree and then resigns, dies or becomes disabled. May a motion for a new trial filed thereafter be granted by the trial judge’s successor? In Sutherland Paper Co. v. Grant Paper Box Co., [9 F.R.D. 422 (W.D.Pa.1949), rev’d on other grounds, 183 F.2d 926 (3d Cir.), cert. denied, 340 U.S. 906, 71 S.Ct. 281, 95 L.Ed. 655 (1950) ], the court, without citing Rule 63, said ‘no’ on the ground that a judge may not overrule a prior decision of another judge of the same court in the same case. But the decision in the Sutherland case, insofar as it rests on this ground, fails to take into account the language of Rule 63 providing that: ‘[i]f by reason of death, sickness, or other disability, a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these rules after ... findings of fact *345 and conclusions of law are filed, then any other judge regularly sitting in or assigned to the court in which the action was tried may perform those duties;
7 J. Moore and J. Lucas, Moore’s Federal Practice, 1163.06, p. 61-16 (2d ed. 1991).
Contrary to the applicants’ assertion, our ruling does not give a successor judge absolute discretion. Some courts construing their own state rules that have adopted substantially the provisions of Federal Rule 63 reach the same result that we reach. The courts have focussed on whether the issues involve the credibility of witnesses or the sufficiency of, or a conflict in, the evidence. E.g., Fans v. Rothenberg, 648 P.2d 1089, 1092 (Colo.1982); Paulson v. Meinke, 352 N.W.2d 191, 193-94 (N.D. 1984). One commentator has suggested that a successor judge consider four factors: 1) the point to which the trial has proceeded; 2) the complexity of the trial; 3) the importance of witness credibility; and 4) the parties’ good faith. Neil Stern, Comment, Death or Disability of Judges in Civil Litigation—Substitution Under Federal Rule 63, 44 Ohio St.L.J. 1125, 1148-51 (1983).
In arguing that Rule 63 does not apply to this case, the applicants emphasize the lack of an express determination by Judge Reese that he was unable to rule on the post-judgment motions. Rule 63, however, does not require the trial judge to make an express determination. Because of the complexity of this case and the number and nature of the grounds of alleged error, we can reasonably conclude that Judge Reese was satisfied that he could not perform the duties of the court; therefore, it was within his discretion to order a new trial. Because we hold that Rule 63 applies, it is unnecessary to address the applicants’ argument that we should review this case according to National Security and Sayers and the harmless error rule.
We conclude that the original opinion should be modified slightly, but we also conclude that the application for rehearing is due to be denied.
OPINION MODIFIED; APPLICATION OVERRULED.
HORNSBY, C.J., and SHORES, HOUSTON, STEAGALL and INGRAM, JJ., concur.

. Federal Rule 63 has been substantively amended as of December 1, 1991. On rehearing, we have modified slightly the original opinion to reflect the fact of this amendment.